## BURRILL, TREASURER AND RECEIVER-GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS, v. LOCOMOBILE COMPANY.

## SAME v. RUSSELL, MILLER MILLING COMPANY.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

Nos. 98, 99. Argued January 25, 26, 1922.—Decided February 27, 1922.

1. Massachusetts Statutes 1909, c. 490, Part III, §§ 70 and 71, provides, as the exclusive remedy for recovering a tax illegally exacted under the act, a petition to the Supreme Judicial Court and prompt repayment by the State of the sum there adjudged, and relieves the collector from liability to personal action. P. 37.
2. The time fixed for filing the petition—six months—is reasonable. P. 37.

3. In the absence of a controlling act of Congress, the right of a foreign corporation to recover taxes exacted under an unconstitutional state statute may be confined by the state law to the direct responsibility of the State and the collector of the taxes be thereby relieved of personal liability, even when sued in the federal court, at least where the remedy afforded is adequate. P. 37.

4. *Quaere:* Whether the proceeding given by the Massachusetts statute, *supra,* could be instituted in the Federal District Court? P. 39.

5. The Constitution, standing alone, does not create a paramount, unchangeable liability to an action of tort on the part of all persons who may take part in enforcing a state law that it invalidates, but leaves the remedies to Congress and the States. P. 38.

Reversed.

ERROR to judgments for damages rendered by the District Court in actions to recover corporation excise taxes collected by the defendant and alleged and found to have been exacted by duress under an unconstitutional statute.

*Mr. Wm. Harold Hitchcock* for plaintiff in error.

*Mr. William P. Everts,* with whom *Mr. Edward E. Blodgett* and *Mr. Charles L. Favinger* were on the brief, for defendants in error.

The provision that the remedy by petition in the state court shall be exclusive, cannot affect the maintenance of this suit, where the federal court has jurisdiction, not only because of diverse citizenship, but also because the Federal Constitution is involved.

It is not necessary to treat at length the claim of the plaintiff in error that this provision ousts the jurisdiction of this court, which obviously has jurisdiction, both by reason of diverse citizenship of the parties and because of the federal constitutional questions which are involved.

It is clear that " a State cannot tie up a citizen of another State, having property rights within its territory invaded by unauthorized acts of its own officers, to suits for redress in its own courts." *Smyth* v. *Ames,* 169 U. S. 466, 517;

*Union Pacific R. R. Co.* v. *Weld County,* 247 U. S. 282; *Nevada-California Power Co.* v. *Hamilton,* 235 Fed. 317, 339; *International Paper Co.* v. *Burrill,* 260 Fed. 664, 669; *Cunningham* v. *Macon &c. R. R. Co.,* 109 U. S. 446, 452, Distinguishing *Lamborn* v. *County Commissioners,* 97 U. S. 181, 185, and *Arkansas Building & Loan Association* v. *Madden,* 175 U. S. 269, 274. See *Ward* v. *Love County,* 253 U. S. 17.

Certainly the remedy must fall when the tax itself is declared unconstitutional. This special provision making the statutory remedy " exclusive " falls as a part of the unconstitutional statute. *Harrington* v. *Glidden,* 179 Mass. 486, 492.

Moreover, c. 724, Acts of 1914, including § 2, which contains the provision that the remedy " shall be exclusive," was expressly repealed by Acts of 1918, c. 76, and can have no application here. Since 1879 the Superior Court was given jurisdiction of all claims at law or in equity against the Commonwealth. Gen. Laws, c. 258, § 1.

The obvious purpose of the legislature was to provide that these tax questions should be determined by the Supreme Court in the County of Suffolk. The statute above referred to stated that the Superior Court " except as otherwise expressly provided " shall have jurisdiction, etc. It is clear that the suit in the Supreme Court provided for was one of the exceptions referred to in c. 258, § 1, Gen. Laws, and that it was not the intention of the legislature to abolish any remedies against public officers.

MR. JUSTICE HOLMES delivered the opinion of the court.

These are suits by foreign corporations to recover taxes alleged to have been paid to the defendant, the Treasurer of Massachusetts, under duress, and in obedience to statutes held by this Court to be unconstitutional in *International Paper Co.* v. *Massachusetts,* 246 U. S. 135, and

*Locomobile Co.* v. *Massachusetts,* 246 U. S. 146. On the merits the defendant says that these taxes were collected under St. 1909, c. 490, Part III, § 56, held valid in *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68; that the maximum limit to the tax fixed by that statute, which saved it, was supposed by this Court in the later decisions mentioned to have been removed by a later Act of 1914, c. 724, (246 U. S. 145); but that since that time the Supreme Judicial Court of Massachusetts has held that the Act of 1909 was independent of the statute of 1914 and remained valid and unaffected by the latter unconstitutional act. *Liquid Carbonic Co.* v. *Commonwealth,* 232 Mass. 19. *Lawton Spinning Co.* v. *Commonwealth,* 232 Mass. 28. He also says that by § 70 of the Act of 1909 any corporation aggrieved by the exaction of the tax may within six months after payment apply by petition to the Supreme Judicial Court, which shall be the exclusive remedy; that there is a provision in § 71 for prompt repayment of any sum adjudged to have been illegally exacted, and that these sections are a bar to a personal suit.

It is unnecessary to go farther than to say that we agree with the defendant upon the latter point. As to the construction of the words, they mean, we have no doubt, what was expressed more at length in an earlier statute on the same matter, that the petition " shall take the place of any and all actions which might otherwise be maintained by such corporation on account of the assessment and collection of such tax, and shall be the exclusive remedy." Stat. 1867, c. 52, § 4; continued with slight change in Pub. Stats. (1882), c. 13, § 66, and abridged to the present form in Rev. Laws (1902), c. 14, § 67. The words embodied a fixed policy of the State and must stand whether the levy of the tax is good or bad.

But it is said that a State cannot tie up the plaintiffs to suits in its own courts, and this objection coupled with the suggestion that the legislature might shorten the time

still farther or deny all remedy, if the defence is good, prevailed with the judge who decided these cases, as appears from *International Paper Co.* v. *Burrill,* 260 Fed. 664, 668, 669. We may dispose of the latter point first. The time for filing the petition is not unreasonably short for this class of cases, considering that the statute is dealing with taxes on the one side and business organizations on the other. And it by no means follows that a legislature may establish an unreasonable limitation because it may establish a reasonable one. We may lay on one side too the cases that show that States cannot confine parties to their own courts for the assertion of admitted rights. The question here is whether the State could not limit the right of foreign corporations coming into it and the liability of its own citizens in the way supposed. It is true that it cannot constitutionally impose certain taxes upon foreign corporations, but if the law of the United States stops there we do not perceive why the State may not provide that only the author of the wrong shall be liable for it, at least when, as here, the remedy offered is adequate and backed by the responsibility of the State. That it may do so is implied in *Arkansas Building & Loan Association* v. *Madden,* 175 U. S. 269, 274.

The Constitution standing alone without more does not create a paramount unchangeable liability to an action of tort on the part of all persons who may take part in enforcing a state law that it invalidates. It leaves the remedies to Congress and the States. Congress acting under the Constitution has given to the courts of the United States a jurisdiction in equity that, speaking broadly, is the same in all the States and follows its own rules. Rev. Stats., § 913. *Boyle* v. *Zacharie,* 6 Pet. 648, 658. *McConihay* v. *Wright,* 121 U. S. 201. But as to trials at common law, except when the Constitution, treaties or statutes of the United States otherwise require or provide, the laws of the States are the rules of decision. Rev.

Stats., § 721. Congress has made no provision that governs the liability in this case and therefore has left it to the law of the State where the wrong is done. If there were no statute the common law of Massachusetts would supplement the Constitution as it would supplement the statutes of the State. But the common law of Massachusetts is not superior to its statutes and may be modified by them at the pleasure of the State, at least until in some substantial sense it impairs substantive constitutional rights, which it has not attempted to do. Whether in an otherwise proper case the proceeding given by the statute could be instituted in the District Court is not before us here. See *Ames* v. *Kansas,* 111 U. S. 449. *Madisonville Traction Co.* v. *Saint Bernard Mining Co.,* 196 U. S. 239.

*Judgments reversed.*

MR. JUSTICE PITNEY, being absent, took no part in the decision.