FREIRÍA & Co., PLAINTIFFS AND APPELLANTS, v. TREASURER OF
PORTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in
Injunction Proceedings.

No. 3092.—Decided January 21, 1924.

TAXES—INJUNCTION—ASSESSMENT—IRREPARABLE INJURY—CONSTITUTIONAL RIGHT
—FRAUD.—An injunction does not lie to enjoin the Treasurer from collect-
ing taxes under the assessment of the previous year, the assessment being
valid and constitutional; but even if it were not, when another remedy lies
open the necessity for payment does not constitute the irreparable injury to
which the jurisprudence refers, and even an authority claimed without con-
stitutional right is not an exercise of fraud.

ID.—PAYMENT UNDER PROTEST—TRUST FUND.—The fact that no trust fund is
provided for taxes paid under protest would not prevent a recovery, for the
existence or non-existence of such a trust fund does not effect the remedy.

The facts are stated in the opinion.

*Mr. Angel Arroyo* for the appellants.

*The Attorney General* and *Mr. Carlos Llauger* for the
appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The facts that gave origin to this case are similar to
those in *Hernáiz, Targa & Co.* v. *Benedicto, post,* page 608.
The complainant in the court below alleged an undue assess-
ment of taxes inasmuch as the assessment of the previous
year was followed. The appellant sought to enjoin the
action of the Treasurer. The petitioner-appellant maintains
that Act No. 17 of 1920 is unconstitutional and void. This
act requires a payment under protest and were this act de-
clared unconstitutional the petitioner would maintain a
right to a remedy by injunction. The petitioner also,
similarly to the petitioner in the *Hernaiz, Targa & Co.
Case,* maintains that there is no valid assessment existing
in this case.

While we are inclined to consider the assessment made
valid and constitutional, in any event for the reasons in-
dicated in *Hernaiz, Targa & Co.* v. *Benedicto, supra,* and
those set forth in *Ríos* v. *Richardson,* 24 P. R. R. 513, and

especially for the reasons set forth in *Alonso Riera & Co. et al.* v. *Benedicto, ante,* page 98, the injunction sought for did not lie.

Perhaps the last named case more directly decided that the Treasurer could not be reached personally, but the reasoning of the case is to the effect that even in case of an unconstitutional statute the Legislature had a right to prescribe the method to be pursued as a remedy and that the Legislature did prescribe the method by the Act of 1911. The same reasoning applies to Act No. 17 of 1920 which repealed the Act of 1911 and is a substitute therefor. Where a remedy is given by law the case is even more apt where an injunction is sought. There must be some irreparable injury or the like and the mere insistence on the payment of the tax is not an irreparable injury. *Snyder* v. *Marks,* 109 U. S. 189; *Sheldon* v. *Platt,* 139 U. S. 591, 597, and *Burril* v. *Locomobile Co.,* 258 U. S. 34, all cited in the *Riera Case, supra. Martínez* v. *Porto Rico Railway, Light & Power Co.,* 18 P. R. R. 700, is also applicable.

The mere unconstitutional assessment and the necessity for payment do not constitute the irreparable injury to which the jurisprudence refers when another remedy lies open. The appellant was not unware of the tendency of the foregoing jurisprudence, but attempted to establish a distinction by maintaining that the acts of the Treasurer were fraudulent; but even an authority claimed without constitutional right is not an exercise of fraud and appellant has not shown us any other fraudulent act. A mere averment or characterization of fraud is insufficient and a pleader should be extremely careful in charging fraud unless he has a fair chance of success in his proof. Appellant, however, also maintains that the Act of 1920 is unconstitutional.

We shall assume without deciding that if Act No. 17 of 1920 were declared unconstitutional a remedy by injunction would lie if the petitioner would then be without a legal

remedy, but we are of the opinion that the said act is constitutional.

One of the principal grounds of attack is that the money collected by the Treasurer for taxes paid under protest was by the Act of 1911 kept in a trust fund, but that the Act of 1920 makes a different disposition. The fact that no trust fund is provided for taxes paid under protest would not prevent a recovery. The existence or non-existence of such a trust fund does not affect the remedy. Under this point the petitioner maintains that to make this assessment and to require said petitioner to pay the money into the general treasury would be to deprive him of property without due process of law. A part of the contention is disposed of by our consideration in *Hernáiz, Targa & Co.* v. *Benedicto, supra,* but the appellant cites us to nothing that convinces us that a covering into the general treasury of taxes paid under protest is such undue taking. If a trust fund were always to be maintained all taxes might be paid under protest with notable inconvenience to the taxing power.

Appellant also maintains that the Act of 1920 is unconstitutional because the courts are deprived of their means of execution, inasmuch as payment is to be made by budget in case of an illegal tax. If this were an unconstitutional provision the rest of the act could still be upheld, but we do not read the Act of 1920 as depriving the courts of the power of execution if any they had before. It is not always easy to execute a judgment against the sovereign, as we saw long ago in the case of *People* v. *Rosaly,* 16 P. R. R. 481.

We agree with the appellee that appellant has not shown that it would be subjected to a multiplicity of proceedings by reason of the Act of 1920, even supposing that a multiplicity of proceedings would justify the issuance of a writ of injunction in view of the authorities cited.

The other assignments of error have been covered by our general discussion.

We should also draw the attention of counsel and the bar in general to the fact that this is a suit against the Treasurer of Porto Rico without any person being named as such Treasurer. Under our system of procedure there must be a human defendant and not a mere office. As the point, however, has not been raised by the defendant who appeared especially and as a dismissal in any event would be an affirmance, we shall merely affirm the judgment of the court below.

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.