FREIRÍA & Co., DEMANDANTE Y APELANTE, *v.* TESORERO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Primero, en procedimiento de *injunction.*

No. 3092.—Resuelto en enero 21, 1924.

CONTRIBUCIONES—*Injunction*—TASACIÓN—DAÑO IRREPARABLE—DERECHO CONSTITUCIONAL—FRAUDE.—No procede un *injunction* para impedir al Tesorero cobrar contribuciones sobre la tasación del año anterior, siendo la tasación válida y constitucional; pero aún si no lo fuera, cuando existe otro remedio la necesidad de pagar no constituye el daño irreparable a que la jurisprudencia se refiere, y aún una autoridad invocada sin derecho constitucional no es el ejercicio de fraude.

ID.—PAGO BAJO PROTESTA—FONDO EN DEPÓSITO.—El hecho de que no se provea un fondo en depósito para las contribuciones pagadas bajo protesta no impide que se cobren, pues la existencia o no existencia de tal fondo en depósito no afecta al remedio.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Angel Arroyo.*

Abogados del apelado: *Sres. Attorney General y Carlos Llauger.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los hechos que originaron este caso son semejantes a los del caso *Hernáiz Targa & Co.* v. *Benedicto,* que acaba de fallarse. La demandante en la corte inferior alegó una indebida tasación de contribuciones, toda vez que la tasación del año anterior había sido tenida en cuenta. La apelante trató de restringir la actuación del tesorero. La peticionaria y apelante sostiene que la Ley No. 17 de 1920, es

anticonstitucional y nula. Esta ley requiere que se verifique un pago bajo protesta y si dicha ley fuere declarada anticonstitucional la peticionaria alegaría tener un derecho al remedio de *injunction*. La peticionaria también, lo mismo que en el caso de *Hernáiz Targa & Co.*, sostiene que en este caso no hay tasación válida existente.

Aunque estamos inclinados a considerar la tasación hecha como válida y constitucional, de todos modos, por las razones indicadas en el caso de *Hernáiz Targa & Co.* v. *Benedicto, supra,* y las expresadas en el de *Ríos* v. *Richardson*, 24 D. P. R., 547, y particularmente por los motivos consignados en el caso de *Alonso Riera & Cía.* v. *Benedicto, Tesorero,* sentencia de junio 20, 1923, (pág. 107) no procedía el *injunction* solicitado.

Quizás en el último de los casos citados se resolvió más directamente que el tesorero no podía quedar afectado personalmente, pero el razonamiento del caso es en el sentido de que aún en el supuesto de un estatuto anticonstitucional, la legislatura tenía derecho a prescribir el método que había de seguirse como remedio, y que la legislatura ciertamente prescribió el sistema por la ley de 1911. El mismo razonamiento es aplicable a la ley No. 17 de 1920 que derogó la de 1911 y está en substitución de ella. Cuando la ley concede un remedio el caso es todavía más pertinente cuando se solicita el *injunction*. Debe existir algún daño irreparable o algo parecido y la mera insistencia en el pago de la contribución no constituye un daño irreparable. *Snyder* v. *Marks*, 109 U. S. 189; *Shelton* v. *Platt*, 139 U. S. 591, 597, y *Burrill* v. *Locomobile Co.*, 258 U. S. 34, citados todos en el caso de Riera *supra*. El caso de *Martínez* v. *P. R. Railway, Light & Power Co.*, 18 D. P. R. 725, es también aplicable.

La mera tasación anticonstitucional y la necesidad del pago no constituye el perjuicio irreparable al cual se refiere la jurisprudencia, cuando existe a la mano otro remedio.

La apelante no desconocía la tendencia de la precedente jurisprudencia pero trató de establecer una diferencia alegando que los actos del tesorero eran fraudulentos, pero aún la autoridad que se alega tener sin un derecho constitucional no es un ejercicio de fraude y la apelante no ha demostrado a esta corte ningún otro acto fraudulento. Una mera alegación o calificación de fraude es insuficiente y el que lo alega debe tener sumo cuidado de imputar fraude, a menos que pueda tener una probabilidad razonable de demostrarlo con su prueba. La apelante, sin embargo, sostiene también que la ley de 1920 es anticonstitucional.

Asumiremos sin resolver que si la ley No. 17 de 1920 fuera declarada anticonstitucional procedería un remedio mediante *injunction* si la peticionaria quedara entonces sin un remedio legal, pero somos de opinión de que la referida ley es constitucional.

Uno de los principales fundamentos de impugnación es que el dinero cobrado por el Tesorero por contribuciones pagadas bajo protesta quedó por virtud de la ley de 1911 en un fondo de depósito, pero que la ley de 1920 prescribe una forma diferente. El hecho de que no se prescriba respecto a ningún fondo de depósito para contribuciones pagadas bajo protesta no impediría el poderlas recobrar. La existencia o inexistencia de tal fondo de depósito no afecta al remedio. Basada en esta teoría, la peticionaria sostiene que el hacer esta tasación y exigir a la peticionaria que pague el dinero en la tesorería general sería privarla de la propiedad sin el debido proceso de ley. La alegación en parte está resuelta por la consideración que hicimos en el caso de *Hernáiz, Targa & Co.* v. *Benedicto, supra,* pero el apelante nada nos cita que nos convenza de que un ingreso en la tesorería general, de contribuciones pagadas bajo protesta, constituye tal indebida privación de su propiedad. Si un fondo de depósito tuviera siempre que mantenerse todas las contribuciones podrían ser pagadas bajo

protesta con gran inconveniente para el poder que impone la contribución.

La apelante alega también que la ley de 1920 es anticonstitucional toda vez que se priva a las cortes de poder hacer efectivas sus sentencias, pues el pago ha de hacerse por el presupuesto en caso de una tasación ilegal. Si éste fuera un precepto anticonstitucional el resto de la ley todavía podría considerarse como válido, pero no interpretamos la ley de 1920 en el sentido de que priva a las cortes de su facultad de hacer cumplir sus sentencias si alguna tenían antes. No siempre es fácil ejecutar una sentencia contra el soberano, como ya manifestamos en el caso del *Pueblo* v. *Rosalí*, 16 D. P. R. 508.

Convenimos con el apelado en que la apelante no ha demostrado que quedaría sujeta a una multiplicidad de acciones por razón de la ley de 1920, aún suponiendo que una multiplicidad de procedimientos justificarían la expedición de un mandamiento de *injunction* en vista de las autoridades citadas.

Los demás señalamientos de error han sido tratados en nuestra discusión general.

También debemos llamar la atención de los abogados en este caso y de la abogacía en general, de que esta es una acción contra el Tesorero de Puerto Rico sin que en ella se mencione ninguna persona como tal Tesorero. Bajo nuestro sistema de procedimiento debe existir una persona demandada y no un mero cargo. Sin embargo, toda vez que la cuestión no ha sido suscitada por el demandado que compareció especialmente, y como en todo caso la desestimación del recurso sería una confirmación, confirmaremos meramente la sentencia de la corte inferior.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.