BENÍTEZ SUGAR COMPANY, demandante y apelante, *v.* RAMON
ABOY, JR., TESORERO DE PUERTO RICO, ETC., demandado y
apelado.

No. 3323.—*Visto:* Diciembre 2, 1924. *Resuelto:* Marzo 11, 1925.

1. ESTATUTOS—INTERPRETACIÓN.—El artículo 3 de la Ley Foraker, en cuanto
prohibe contribuciones sobre importaciones, no fué derogado por la Ley Jones.

2. CONTRIBUCIONES—ARBITRIOS.—Las contribuciones impuestas por el artículo 18
de la Ley de julio 1, 1921 (No. 42, pág. 299) son arbitrios. (*Fantauzzi
v. Arroyo*, 30: 423.)

3. CONTRIBUCIONES — PAGO BAJO PROTESTA — ACCIÓN PARA RECUPERARLAS. — El
remedio establecido por la Ley 17 de mayo 13, 1920, p. 125, para recuperar
contribuciones pagadas bajo protesta es exclusivo aun tratándose de contribu-
ciones anticonstitucionales. *Riera v. Benedicto*, 32: 107.

4. CONTRIBUCIONES — PAGO BAJO PROTESTA — ACCIÓN PARA RECUPERERLAS. — Es
condición precedente al derecho de acción concedido por la Ley No. 17 de
mayo 13, 1920 (p. 125), que la demanda sea radicada dentro de quince
días "a contar de la fecha que tenga la nota de la protesta del pago firmada
por el colector", y dicha firma es parte de la condición.

SENTENCIA de *Pablo Berga,* J. (Humacao), en una acción sobre de-
volución de contribuciones, declarando sin lugar la demanda, con
imposición de costas. *Confirmada.*

*González Fagundo & González, Jr.,* abogados del apelante; *Attorney
General, Fiscal Corte Suprema* y *Fiscal Corte de Distrito,* abo-
gados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este fué un pleito sobre devolución de contribuciones pa-
gadas bajo protesta sobre varios artículos introducidos en
Puerto Rico de los Estados Unidos.

Como ha sido presentada por los abogados en este caso
la cuestión principal que ha de ser discutida es si la Ley
Foraker, en tanto en cuanto prohibe la imposición de una
contribución a las importaciones, es todavía la ley de esta
jurisdicción después de la aprobación de nuestra actual Ley
Orgánica conocida por Acta Jones.

[1] La Ley Foraker (Apr. 12, 1900, 7 Fed. Stat. Ann., 2nd
1259, Art. 3) prescribía lo siguiente:

" . . . . . y en ningún caso podrá cobrarse derecho alguno de
aduana, después del primer día de marzo de mil novecientos dos,

sobre mercancías y artículos que entren en Puerto Rico procedentes de los Estados Unidos y vice-versa.''

El artículo 58 de la Ley Jones (Mar. 2, 1917, Fed. Stat. Ann. 1918, p. 608) es como sigue:

''Art. 58.—Todas las leyes o partes de leyes aplicables a Puerto Rico que no estén en contradicción con cualquiera de las disposiciones de esta Ley, incluyendo las leyes relativas a tarifas, aduanas y derechos de importación en Puerto Rico prescritas por la Ley del Congreso titulada 'Ley para proveer temporalmente de rentas y un gobierno civil a Puerto Rico, y para otros fines,' aprobada en 12 de abril de 1900, continuan por la presente en vigor, y todas las leyes y partes de leyes incompatibles con las disposiciones de esta Ley, quedan por la presente derogadas.''

Este artículo en sí parece dejar en vigor el referido artículo que ha sido citado de la Ley Foraker. Nos sentimos obligados a sostener que no hay nada en la Ley Jones que por necesaria deducción originara una derogación del indicado artículo. Tenemos, además, la idea de que fué la intención del Congreso de hacer a Puerto Rico lo mismo que los varios Estados donde las contribuciones a las importaciones de un Estado a otro están excluídas de modo expreso por la Constitución de los Estados Unidos, a saber:

''Art. 1, sec. IX, subdivisión 5.—No se impondrán contribuciones o derechos sobre los artículos que se exportan de los Estados.

''Id., sec. X, subdivisión 2.—Los Estados no podrán sin el consentimiento del Congreso establecer impuestos o derechos sobre las importaciones y exportaciones, salvo cuando es absolutamente necesario para hacer cumplir sus leyes de inspección; y el producto neto de todos los derechos e impuestos cobrados por un Estado bajo este concepto, pertenecerá al Tesoro de los Estados Unidos, quedando sujetas todas esas leyes a la revisión y aprobación del Congreso.

[2] Sentado ésto, podemos examinar el artículo 18 de la Ley de 1921 (No. 42, julio 1°., p. 299). Dicho artículo prescribe lo siguiente:

''18. *Vehículos de motor y accesorios.*—Sobre todo vehículo de motor, automóviles, motocicletas, coches laterales para motocicletas, mo-

tores para bicicletas y lanchas, auto-camiones, autovagones, carros eléctricos, autos de arrastre y tractores (sin incluir los tractores agrícolas), y sobre toda goma sólida o neumática, tubos interiores, y sobre piezas y accesorios para cualesquiera de los artículos enumerados en este párrafo, que se produzcan, fabriquen, introduzcan o traigan a Puerto Rico, un impuesto de diez (10) por ciento *ad valorem.*"

Como indica la apelante, refiriéndose al caso de *Fantauzzi* anotado bajo el nombre de *Sucesores de C. y J. Fantauzzi* v. *La Asamblea Municipal de Arroyo,* 30 D. P. R. 423, estas contribuciones que se trataron de imponer son claramente impuestos o arbitrios. Ellas no tienen por objeto una contribución sobre la propiedad, o una impuesta a la propiedad existente, sino que toda la idea de dicho artículo 18 es llegar a las especialidades como la fabricación o importación y otras semejantes. Convenimos con los abogados de ambas partes en que el mero hecho de que el artículo 18 no emplee la palabra "importar", no hace diferencia. Introducir o traer a Puerto Rico es sinónimo de importar.

Hemos estado considerando las cuestiones promovidas en cierto modo como si el asunto estuviera debidamente ante nuestra consideración, toda vez que el gobierno especialmente así lo ha solicitado de nosotros. En realidad la sentencia debe ser confirmada solamente por la alegación de prescripción que ha sido presentada.

[3] El Gobierno sostuvo en la corte inferior y logró demostrar, que este pleito fué establecido más de quince días después de haberse verificado el pago bajo protesta. Por tanto si la Ley No. 17 de 1920 (13 de mayo, p. 125) es aplicable como mantuvo el Gobierno y la corte inferior resolvió, la acción había prescrito. La constitucionalidad de la referida ley en ciertos particulares fué sostenida por esta corte en el caso de *Freiría* v. *El Tesorero de Puerto Rico,* 32 D. P. R. 663. La constitucionalidad de esa ley no se disputa aquí.

El Gobierno ha dejado enteramente de discutir la alega-

ción de prescripción y la apelante pretende inferir de este mero hecho que dicha ley no es aplicable. Como la corte inferior resolvió que la acción había prescrito, no podemos revocar este caso sin hacer un examen de la cuestión. La corte leyó la referida ley y sostuvo que el término de quince días fijado en ella era aplicable.

La apelante sostiene que la Ley No. 17 de 1920, Leyes de 1920, p. 125, sólo es aplicable a las contribuciones generales sobre la propiedad y no a los arbitrios e impuestos determinados especialmente por la contribución que aquí se trató de cobrar. La ley, sinembargo, es muy general. Su texto es como sigue:

"Sección 1. — Cuando algún contribuyente creyere que no debe pagar una contribución por ser ilegal, excesiva o errónea, la pagará a requerimiento del recaudador de contribuciones de su distrito, y pedirá a dicho recaudador, si desea hacer alguna reclamación, que consigne al dorso del recibo de la contribución que la paga bajo protesta por considerarla ilegal, excesiva o errónea cuya nota firmará el colector."

Con arreglo a este artículo es claro que cualquier contribución en Puerto Rico está comprendida en sus términos.

Tal estatuto es el remedio exclusivo de un contribuyente local. *Snyder* v. *Marks,* 109 U. S. 189, 27 L. ed. 901; *Shelton* v. *Platt,* 139 U. S. 591, 597, 35 L. ed. 273; *Burrill* v. *Locomobile Co.,* 258 U. S. 34, 66 L. ed. 450, citado con aprobación por esta corte en el caso de *Riera* v. *Benedicto,* 32 D. P. R. 107, que interpreta la ley de 1911. Como allí se resolvió, este principio es aplicable aún en el caso de un estatuto anticonstitucional que trata de poner en vigor una contribución.

[4] Ni tampoco podemos convenir con la apelante al sostener que la fecha del pago bajo protesta no fué determinada. La teoría es que de acuerdo con los dos primeros artículos de la ley de 1920 el término debe correr a partir de la fecha en que el recaudador ha endosado el recibo, y no

desde el verdadero momento del pago, y que el gobierno tiene la obligación de demostrar la fecha del recibo.

Creemos que fué la intención de la Legislatura como revela el artículo 1, que el pago y el recibo deben ser actos contemporáneos. En otras palabras que el contribuyente no tiene que hacer ningún pago excepto a cambio de un recibo. Por tanto cuando él verifica el pago la presunción sería que él obtuvo un recibo al mismo tiempo.

Es condición precedente al derecho de acción como revela el artículo 2 de la ley de 1920, que el contribuyente después de hacer el pago presente una demanda dentro del término de quince días "a contar de la fecha que tenga la nota de la protesta del pago firmada por el colector." De modo que el acto de firmar el colector es parte de dicha condición, el pleito quizás depende de esto y el contribuyente o debe expresarlo en la demanda o el acto de dar el recibo el colector se presume en favor del derecho del contribuyente a presentar la demanda.

De todos modos, interpretadas razonablemente las alegaciones de la demanda donde se alega el pago bajo protesta como verificado en cierta fecha, significan y dan a entender un cumplimiento con la condición precedente tanto por el contribuyente como por el colector.

*Debe confirmarse la sentencia apelada.*