The **STATE OF ALASKA**, a sovereign state of the United States, Plaintiff,

v.

The **O/S LYNN KENDALL**, Official No. 500460, her Engines, Tackle, Furniture, Equipment, Etc., and William A. Stanley, Defendants,

and

**United States of America,** Plaintiff-Intervener.

Civ. No. A–48–69.

United States District Court, D. Alaska.

Feb. 19, 1970.

W. C. Arnold, Special Counsel, Anchorage, Alaska, G. Kent Edwards, Atty. Gen., State of Alaska, Juneau, Alaska, Douglas B. Baily, U. S. Atty., Anchorage, Alaska, for plaintiff-intervener.

Edgar Paul Boyko, of Boyko & Walton, Anchorage, Alaska, for defendants.

## OPINION

PLUMMER, Chief Judge.

Plaintiff, the State of Alaska, on April 25, 1969 commenced this action in the United States District Court for the District of Alaska. The complaint filed by plaintiff seeks to recover (1) for salvage services and (2) two claims for reimbursement for sums expended in abating a public nuisance resulting from maritime torts committed by defendants.

Defendants' answer asserts four separate counterclaims seeking recovery from plaintiff for damages proximately resulting from plaintiff's negligence for (1) damage to and loss of property, and monetary loss in the sum of $750,000.00, (2) wrongful taking and destruction of property, and the loss of use thereof in the sum of $600,000.00, (3) unlawful taking and conversion of property in the sum of $750,000.00, and (4) exemplary damages from plaintiff and its agents in the sum of $250,000.00.

Plaintiff has moved for an order directing that defendants' recovery must arise out of the same transaction alleged in plaintiff's complaint and that the recovery must be limited to the amount, if any, recovered by plaintiff.

Defendants assert that plaintiff waived its sovereign immunity by virtue of the provisions of Article 2, Section 21, of the Constitution of the State of Alaska; by the enactment of Alaska Statutes, Sections 09.05.250 through 09.-05.300, inclusive, as amended; and Section 09.06.050; and by having commenced the above entitled action in this court against one of its own citizens.

The question presented is whether plaintiff has waived its immunity as to the claims asserted in defendants' counterclaims.

## I. THE STATE'S SOVEREIGN IM-MUNITY.

The Constitution of the State of Alaska grants to the Legislature the sole and exclusive power to enact laws establishing the terms and conditions upon which the State may be sued. Article II, Section 21, provides:

"Section 21. *Suits Against the State.* The legislature shall establish procedures for suits against the State."

The Legislature of the State has exercised this constitutional grant of power by enacting certain statutes which provide in pertinent part that, with exceptions therein stated, a person or corporation having a contract, a quasi-contract, or tort claim against the State may bring an action against the State in the Superior Court of the State.

A waiver of immunity from suit in a court of the State does not constitute a waiver of immunity of a suit brought by the State in a federal court. Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Chandler v. Dix, 194 U.S. 590, 24 S.Ct. 766, 48 L.Ed. 1129 (1904); Burrill v. Locomobile Company, 258 U.S. 34, 42 S.Ct. 256, 66 L.Ed. 450 (1922); State Highway Commission of Wyoming v. Utah Const. Co., 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1928); and Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959).

## II. THE STATE'S ELEVENTH AMENDMENT IMMUNITY.

The Eleventh Amendment to the Constitution of the United States provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens or subjects of any foreign state."

Defendants, citing City of Newark v. United States, 254 F.2d 93 (3d Cir. 1958); Gardner v. New Jersey, 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1947); Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933); Clark v. Barnard, 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780 (1882); and Gunter v. Atlantic

Coastline, 200 U.S. 273, 26 S.Ct. 252, 50 L.Ed. 477 (1905), assert that immunity from suit in federal court may be waived either by specific declaration or by act, such as filing a general appearance, or by the State becoming an actor, by being a plaintiff, or by intervening, in a suit brought in the federal courts.

The facts in the cases cited by defendants are entirely different than in the present case. Some involve factual situations where the State came into federal court asserting a claim to a fund or res, or where ancillary proceedings were involved. In some, the statements relied on by defendants were mere dicta. None granted an affirmative judgment for money damages on a counterclaim against a State. The statement appearing in 254 F.2d, footnote 1, page 95, in City of Newark, *supra*, to the effect that when the United States brings an action as plaintiff, it waives its sovereignty and assumes the status of a private individual for the purpose of counterclaim or defenses is plainly far too broad.

■ Although a counterclaim may be asserted against a sovereign by way of setoff or recoupment to defeat or diminish the sovereign's recovery, no affirmative relief may be given against the sovereign in the absence of consent. United States v. U. S. Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1939); United States v. Finn, 239 F.2d 679 (9th Cir.1956); In re Greenstreet, Inc., 209 F.2d 660 (7th Cir. 1954); Rule 13(d), Federal Rules of Civil Procedure.

Article 4, Section 15, of the Alaska Constitution, provides:

"The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house."

Rule 13(d) of the Rules of Civil Procedure for the State of Alaska provides:

"(d) *Counterclaim against the State.* These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the State or an officer or agency thereof."

The crucial question presented is one involving the special position accorded States from immunity from suit by the explicit command of the Eleventh Amendment. If the United States by virtue of the judicially created doctrine of sovereign immunity does not waive its immunity from counterclaims by commencing an action, then a far more compelling reason exists for reaching the same results under identical circumstances where the State's immunity is derived from the Constitution of the United States.

■ The State of Alaska cannot be sued without its consent being expressly granted by legislative authority. The Legislature has not expressly or otherwise consented to suits against the State in federal court. Under the laws of the State, the Attorney General is without authority to waive the State's Eleventh Amendment immunity. See Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1944); O'Connor v. Slaker, 22 F.2d 147 (8th Cir.1927); Deseret Water, Oil & Irrigation Co. v. California, 202 F. 498 (9th Cir.1913); Dunnuck v. Kansas State Highway Commission, 21 F.Supp. 882 (D.Kan.1937); Title Guaranty & Surety Co. of Scranton, Pa. v. Guernsey, 205 F. 91 (W.D.Wash.1913); Title Guaranty & Surety Co. of Scranton, Pa. v. Guernsey, 205 F. 94 (W.D.Wash.1913).

Plaintiff's motion for order limiting recovery is granted.