UNITED STATES of America, Plaintiff,

v.

IRON MOUNTAIN MINES, INC., et al., Defendants.

STATE OF CALIFORNIA, Plaintiff,

v.

IRON MOUNTAIN MINES, INC., et al., Defendants.

And Related Cross–, Counter–, and Third–Party Claims.

No. CIV–S–91–768 DFL JFM.

United States District Court, E.D. California.

Dec. 27, 1996.

Paul B. Galvani, Thomas H. Hannigan, Jr., Emily Germain Shea, Ropes & Gray, Boston, MA, Thomas G. Redmon, Matthew W. Powell, Wilke, Fleury, Hoffelt, Gould & Birney, Sacramento, CA, for Rhone Poulenc Basic Chemicals Co.

Michael Brian Hingerty, U.S. Environmental Protection Agency, Regional Counsel, San Francisco, CA, Martin F. McDermott, U.S. Department of Justice, Environmental Defense Section, Environment and Natural Resources Division, Washington, DC, David B. Glazer, U.S. Department of Justice, Environmental Enforcement Section, San Francisco, CA, Richard B. Stewart, United States Department of Justice, Land and Natural Resources Division, Washington, DC, Yoshinori H.T. Himel, Assistant U.S. Attorney, Sacramento, CA, for U.S.

Mary Elizabeth Hackenbracht, Margarita Padilla, Sara J. Russell, California State Attorney General, Oakland, CA, for State of Calif.

## MEMORANDUM OF OPINION AND ORDER

LEVI, District Judge.

The State of California ("the State") moves to dismiss Rhone–Poulenc's counter- and cross-claims brought under CERCLA. The motion is prompted by the Supreme Court's recent decision in *Seminole Tribe of Florida v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). In a prior ruling, the State and the United States sought to dismiss Rhone–Poulenc's federal and state law counterclaims on a variety of different immunity theories. *See United States v. Iron Mountain Mines, Inc.,* 881 F.Supp. 1432 (E.D.Cal.1995). In denying the motion the court found that Rhone–Poulenc could state a cause of action against the state and federal governments under CERCLA, and that there was no immunity in CERCLA for federal and state governments acting in a remedial capacity. *Id.* at 1442. The court also ruled that no claim in the nature of recoupment ought be implied as an offset against any recovery by the United States or the State, given that CERCLA provided a statutory remedy to Rhone–Poulenc as against the two sovereigns. *Id.* at 1456–57. In light of *Seminole* it becomes necessary to consider whether Rhone–Poulenc's claims against the State are barred by the Eleventh Amendment and to reconsider the court's prior holding on recoupment.[1]

In *Seminole,* the Supreme Court overruled *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), and held that the Commerce Clause does not grant Congress the power to abrogate the states' Eleventh Amendment immunity from suit in federal court. The Court did not differentiate between the Indian Commerce Clause and the Interstate Commerce Clause and no distinction can be drawn. *See Seminole,* —— U.S. at ——, 116 S.Ct. at 1127. The holding in *Seminole* applies equally to this case, and Rhone–Poulenc does not argue to the contrary.

In CERCLA Congress exercised its authority over interstate commerce and made states subject to suit in federal court for recovery of response costs in circumstances in which a state is responsible for the release of hazardous substances. 42 U.S.C. §§ 9601, 9607. Under *Seminole,* Congress lacked the authority to do this.[2] Thus, unless the State has waived its Eleventh Amendment immunity, Rhone–Poulenc may not bring a claim for relief against the State in this action except for the limited, defensive claim that may be permitted by the recoupment doctrine to reduce any recovery by the State against Rhone–Poulenc.

Rhone–Poulenc argues that the State waived its Eleventh Amendment immunity by bringing suit in this court and, therefore, is exposed to any claim that Rhone–Poulenc can make as part of the lawsuit, including claims that could lead to a recovery by Rhone–Poulenc well in excess of any recovery that the State could achieve as against it. Rhone–Poulenc relies primarily on *Clark v. Barnard,* 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780 (1883), for its theory of waiver. In *Clark,* the State of Rhode Island intervened as a claimant in an action in interpleader. The Supreme Court found that by appearing in federal court, the State agreed to have the federal court determine the rights of the State and the other claimants to the fund. But *Clark* is not persuasive authority for Rhone–Poulenc's position. The parties in *Clark* sought a determination of their rights as to a common fund. A finding for the

---

**1.** In addition to claims under CERCLA, Rhone–Poulenc advanced several state law claims in its second amended counterclaim and asks the court to reconsider whether those state law claims are properly asserted against the State as recoupment claims.

**2.** "Even when the Constitution vests in Congress complete lawmaking authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting states.... Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction." *Seminole,* —— U.S. at ——––——, 116 S.Ct. at 1131–32.

private party claimants only would have reduced Rhode Island's share in the interpleaded funds; the State's treasury was never exposed. Because of the factual setting, the waiver found in *Clark* is much more akin to the limited defensive jurisdiction that arises under the recoupment doctrine when a state brings an action than to the complete waiver advocated by Rhone–Poulenc. Moreover, prevailing case law does not support Rhone–Poulenc's interpretation of *Clark* but at most finds that by bringing an action a state makes a limited waiver of the Eleventh Amendment for a recoupment claim up to the amount of its recovery but not beyond. *See United States v. Montrose Chemical Corp.,* 788 F.Supp. 1485, 1493 (C.D.Cal.1992) ("A state waives its Eleventh Amendment and sovereign immunities as to compulsory recoupment counterclaims by filing a complaint in federal court."); *United States v. Mottolo,* 605 F.Supp. 898, 910 (D.N.H.1985) (filing suit in federal court does not constitute a waiver of the Eleventh Amendment as to "any counterclaim unrelated to the State's claim or asserted for the purpose of obtaining an affirmative judgment against the State"); *Burgess v. M/V Tamano,* 382 F.Supp. 351, 356 n. 6 (D.Maine 1974) ("The waiver . . . is limited to a counterclaim asserted defensively, by way of recoupment, for the purpose of defeating or diminishing the State's recovery, but not for the purpose of obtaining an affirmative judgment against the State."); *State of Alaska v. O/S Lynn Kendall,* 310 F.Supp. 433, 434 (D.Alaska 1970) (same). Furthermore, Rhone–Poulenc's interpretation of *Clark* would place *Clark* in considerable tension with the more established line of cases that a sovereign, in the absence of a legislative act, does not waive its sovereign immunity by the individual litigation decisions of state or federal officials. *See United States v. Shaw,* 309 U.S. 495, 500–01, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940); *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 467–68, 65 S.Ct. 347, 352, 89 L.Ed. 389 (1945); *Oklahoma Tax Comm'n v. Citizen*

*Band Potawatomi Indian Tribe,* 498 U.S. 505, 509, 111 S.Ct. 905, 909, 112 L.Ed.2d 1112 (1991); *O/S Lynn Kendall,* 310 F.Supp. at 435. In sum, *Clark* is not persuasive authority that by bringing a CERCLA action the State of California waived all immunity from suit in federal court as to any claim that Rhone–Poulenc could make against it within this action. In line with the weight of the case law, the court finds that the State did not make a general waiver of the Eleventh Amendment by filing this action.

■ If Rhone–Poulenc is to have any recovery against the State in this action it will be because of the recoupment doctrine, a somewhat anomalous, if reasonable, theory of recovery as against a litigating sovereign. A claim in recoupment is traditionally described as a purely defensive claim, arising out of the same transaction or occurrence as the plaintiff's claim, asserted by a defendant to defeat or diminish the plaintiff sovereign's recovery.[3] Whatever its pedigree, the doctrine is sufficiently well established in at least lower court decisions that both the United States and the State concede that they are subject to claims in recoupment by Rhone–Poulenc and only dispute whether the particular claims made by Rhone–Poulenc are within the same transaction or occurrence as their claims.

The State suggests that the recoupment doctrine may either be viewed as a species of equity or as a form of waiver, albeit a limited one. Although the recoupment doctrine may be a sensible accommodation, neither rationale offered by the State is entirely satisfactory in the context of the Eleventh Amendment. If the doctrine is an equitable limitation on the Eleventh Amendment it must have a base in the Eleventh Amendment. But the State does not identify this base, nor does it explain why if it is equitable to permit recovery up to that of the sovereign's, it would not also be equitable to permit recovery beyond that of the sovereign.[4] As a species of waiver, the recoup-

---

3. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1401 (1990).

4. One would not quarrel with the notion that the claim of equity is stronger in the recoupment

context than when the defendant makes affirmative claims. But equity in the sense of rough justice might also permit the defendant to finish a fight that the sovereign began.

ment doctrine may have the authority of *Clark* behind it. But as a waiver theory recoupment is no more consistent with other Eleventh Amendment waiver doctrines—such as the requirement of a legislative waiver—than the theory of complete waiver advocated by Rhone–Poulenc. Nor is it clear why the waiver should be deemed a limited waiver.

All parties to this litigation appear to treat the recoupment doctrine as one which transcends the particulars of its application whether to the State or the United States. But it may be clearer to consider the recoupment doctrine less as a general, uniform doctrine that applies in all contexts in which sovereign immunity is at issue and the sovereign is suing, than as a limitation on sovereign immunity that has a different legal basis depending on the particular sovereign and immunity that is at issue. Thus, although the label and remedy may be the same, the recoupment doctrine may have a different legal basis depending on whether the remedy is sought against the United States—in derogation of sovereign immunity or some other bar to recovery—or against a state, in derogation of the Eleventh Amendment.

When recoupment is invoked as against the United States it rests on federal common law, the federal law of sovereign immunity. As federal common law, in the appropriate circumstances, the recoupment doctrine may limit the sovereign immunity of the United States. For the reasons that the court has previously stated, *see* 881 F.Supp. at 1452–56, in the context of a CERCLA action there is no reason to extend or create a judicially implied remedy against the United States when Congress has expressly provided the remedy. Indeed, the possibility of conflict between the judicial remedy and the statutory scheme provides a sound reason not to imply a remedy.[5] In the context of CERCLA it appears unwise, unnecessary, and inconsistent with the statute to treat an action by the United States as a waiver in recoupment as to any federal or state law claim that otherwise would have been barred by sovereign immunity.

■ As a species of federal common law, however, the recoupment doctrine could not apply to lift the constitutional bar of the Eleventh Amendment to permit a defensive claim against a state in federal court unless the recoupment doctrine also had some basis in the Eleventh Amendment and its various doctrines.[6] Of course, if a state's action in filing suit is a waiver of the Eleventh Amendment then the Amendment would not bar claims against the state, but, as discussed above, conceiving of recoupment as a limited waiver is not entirely convincing. Perhaps a more convincing foundation for recoupment can be found in the language of the Amendment itself: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States...." U.S. Const. amend. XI. The Amendment prohibits federal jurisdiction only over "suit[s] ... commenced ... against" a State. A defensive claim in recoupment reasonably may be viewed as falling outside the scope of this language in

---

**5.** As a more general matter, one may question the application of the recoupment doctrine in any case in which Congress has specifically provided for a remedy against the sovereign. There may be exceptional circumstances in which the remedy might be appropriate. *See Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935) (allowing a taxpayer to assert a counterclaim against the government even though the statute of limitations had run on the taxpayer's claim because otherwise the taxpayer would have been improperly taxed twice). *But see United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (refusing to allow taxpayer to assert counterclaim because no inconsistent theories of taxation shown and equitable doctrine of recoupment alone is insufficient basis for jurisdiction).

**6.** Even if the recoupment doctrine—as federal common law—could lift the bar of the Eleventh Amendment, it is unclear on what basis this federal law doctrine could lift the State's sovereign immunity to claims brought under state law.

Application of federal recoupment law to state law claims and state sovereign immunity—as distinguished from the immunity from suit in the Eleventh Amendment—would seem inconsistent with the principle that courts apply state law to state law claims. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Beyond lifting the bar of the Eleventh Amendment, if there is to be recoupment as to the state law claims, it must be because of the application of the state law of recoupment.

much the same way as the Supreme Court's appellate jurisdiction has been viewed as outside the scope of the Eleventh Amendment because not a "suit."[7] *See McKesson Corp. v. Division of ABT*, 496 U.S. 18, 31, 110 S.Ct. 2238, 2247, 110 L.Ed.2d 17 (1990). Moreover, it is a standard precept of Eleventh Amendment law that application of the Eleventh Amendment may depend on whether any damages awarded would be paid out of the state's treasury. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974) ("Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350–51, 89 L.Ed. 389 (1945) (an action is against the state if recovery would require expenditure of money from the state). Under this test, a claim in recoupment is not a suit "against a state" because the relief sought is merely responsive to and no greater than the relief sought by the state and requires no payment by the state from its treasury. *See* the discussion of *Clark v. Barnard*, 108 U.S. 436, 2 S.Ct. 878, 27 L.Ed. 780 (1883), *supra*.

■ Whether viewed as a limited waiver of the Eleventh Amendment or as a common law doctrine that falls outside of the language

and scope of the Eleventh Amendment, claims in recoupment have been permitted when a state files suit in federal court. *See, e.g., Montrose*, 788 F.Supp. at 1493; *Mottolo*, 605 F.Supp. at 910; *M/V Tamano*, 382 F.Supp. at 356. Thus, Rhone–Poulenc may bring CERCLA claims against the State in recoupment.[8] CERCLA contribution and indemnity claims are only invalid upon an invocation of the Eleventh Amendment. Since Rhone–Poulenc's claims are brought in recoupment, the Eleventh Amendment, and therefore *Seminole*, do not apply.

Having determined that *Seminole* does not bar CERCLA claims in recoupment, the final question is whether the particular allegations that Rhone–Poulenc has made are in fact valid recoupment claims. A claim in recoupment must arise out of the same transaction or occurrence as the primary claim. Courts today apply the test of Fed.R.Civ.P. 13(a) to determine whether a counterclaim arises out of the same transaction.[9] *See, e.g., United States v. Iron Mountain Mines, Inc.*, 812 F.Supp. 1528, 1552 (E.D.Cal.1992) (citing 6 *Federal Practice & Procedure* § 1410); *United States v. Montrose*, 788 F.Supp. 1485, 1493 (C.D.Cal.1992). The court finds that it is premature to decide whether Rhone–Poulenc's claims arise out of the same transaction as the State's claims.[10] Only when the

---

7. Indeed, the term "suit" may more obviously exclude claims in recoupment than appeals. *See* Vicki C. Jackson, *The Supreme Court, The Eleventh Amendment, and State Sovereign Immunity*, 98 Yale L.J. 1, 32–35 (1988).

8. As discussed above, it is unclear whether Rhone–Poulenc may bring any state law claims. To answer this question, the court would require briefing on the state law of sovereign immunity.

9. Rule 13(a) provides in pertinent part: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...."

   In the Ninth Circuit, the test under 13(a) is the "logical relationship" test. *Hydranautics v. Filmtec Corp.*, 70 F.3d 533, 536 (9th Cir.1995) ("We determine whether a claim arises out of the same transaction or occurrence by analyzing 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the

issues be resolved in one lawsuit.' ") (quoting *Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1249 (9th Cir.1987)); *see also In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir.1992).

   Judge Schwartz previously addressed the application of the logical relationship test in this case at 812 F.Supp. 1528, 1552 (E.D.Cal.1992).

10. The State argues that only the two state agencies that appeared as plaintiffs are subject to recoupment claims. Rhone–Poulenc joined three other state agencies as third-party defendants, and the State contends that because these agencies never voluntarily appeared in federal court, they have not waived their immunity from suit. The court finds it premature to determine whether the added state agencies should be viewed as distinct from the plaintiff agencies in the context of this action. This question will be better answered on a fuller record when it is possible to determine whether Rhone–Poulenc's counterclaims arise out of the same transaction or occurrence as the State's claims.

facts of the case have been more well developed will the court be able to determine the answer to this question.

Accordingly, the State's motion to dismiss Rhone–Poulenc's counterclaims for lack of jurisdiction is DENIED IN PART and GRANTED IN PART. Rhone–Poulenc may advance CERCLA counterclaims in recoupment only.

IT IS SO ORDERED.