SCHMIDT v. WEST.

(Circuit Court, D. Indiana. October 22, 1900.)

No. 9,884.

1. CANCELLATION OF INSTRUMENTS—FORGED NOTE—ADEQUACY OF REMEDY AT LAW.

A federal court of equity has jurisdiction of a suit for the cancellation of a forged note brought by the purported maker against the payee, who is alleged to be asserting the validity of such note and attempting to negotiate the same, where under the state statute an action to recover on said note will not be barred for more than 11 years; the complainant's remedy at law in such case by defending against the note when sued

thereon not being as practical and efficient as that in equity, and therefore not adequate and complete, so as to exclude the jurisdiction of equity.

**2.** FEDERAL COURTS—EQUITY JURISDICTION—STATUTORY REMEDY AT LAW.
The jurisdiction of a federal court of equity cannot be abridged by a state statute giving a remedy at law, even when such remedy is adequate and complete; and a statute providing for the perpetuating of testimony cannot be held to furnish the purported maker of a forged note with the means for providing for an adequate defense to such note in case an action at law should be brought thereon after his death.

In Equity. On demurrer to bill.

Roberts & Johnston and Elliott, Elliott & Littleton, for complainant.

W. S. Swengel and Kealing & Hugg, for defendant.

BAKER, District Judge. This is a suit for the cancellation of a promissory note, a copy of which follows:

"$5,000.00.                                           February 13, 1897.
"Five years after date I promise to pay to the order of Elizabeth West five thousand dollars. Six per cent. interest until paid. Value received.
                                                    "George Schmidt."

It is alleged that the defendant is pretending and claiming, and for six months last past has represented and stated to divers persons, that said written instrument is the genuine promissory note of the complainant, executed by him to her for a valuable consideration, and that it is a valid obligation for the full sum of $5,000; that she has at divers times attempted to sell and transfer said paper writing to other persons for value, and unless restrained she will sell and transfer the same, for value, to some person having no knowledge of its real character, who will purchase the same believing it to be genuine; that the name of George Schmidt, signed to said paper writing, is not his genuine signature; that he did not sign his name to said paper, nor did he ever authorize any person to sign his name thereto for him, and that he is not now, and never was, indebted to the defendant in the sum of $5,000, or in any other sum whatever; and that said pretended note is a forgery. The defendant has demurred to the bill on the ground that it cannot be sustained in a court of equity, because the complainant has a plain, adequate, and complete remedy at law.

Among the most ancient and familiar subjects of equity jurisdiction are suits for the cancellation, reformation, and rescission of written instruments. The absence of a plain, adequate, and complete remedy at law is the test of equity jurisdiction, and the application of this principle to a particular case must depend on the character of the case, as disclosed in the pleadings. In Boyce v. Grundy, 3 Pet. 210, 213, 7 L. Ed. 655, it is said:

"The supreme court has often been called upon to consider the sixteenth section of the judiciary act of 1789, and as often, either expressly or by the course of its decisions, has held that it is merely declaratory, making no alteration whatever in the rules of equity on the subject of legal remedy. It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity."

A few of the many cases in which this principle has been affirmed and applied are Watson v. Sutherland, 5 Wall. 74, 78, 18 L. Ed. 580; Payne v. Hook, 7 Wall. 425, 430, 19 L. Ed. 260; Kilbourn v. Sunderland, 130 U. S. 504, 514, 9 Sup. Ct. 594, 32 L. Ed. 1005; Tyler v. Savage, 143 U. S. 79, 95, 12 Sup. Ct. 340, 36 L. Ed. 82.

Testing the case made in the bill by this rule, it seems apparent that the remedy at law cannot be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. The note, on its face, appears to be a fair and valid obligation. It will not mature until February 13, 1902. After its maturity the holder of it may choose any time within the ensuing 10 years to bring suit upon it. She has it in her power to delay bringing suit until February 12, 1912. Before suit is brought the complainant may be dead, and the evidence to prove the forgery may be lost or unavailable. The complainant has no remedy at law, and can have none, until the defendant or her assignee shall, after the maturity of the note, elect to bring suit upon it. It is against good conscience that the defendant should have the right for more than 11 years to hold this forged note as a menace and threat over the head of the complainant. The demurrer admits that the note is a forgery, and that, to the injury of complainant's credit, she is giving out in speeches that it is a valid obligation, and that she is attempting to sell and assign it as a genuine note. Remedial justice is active, rather than passive, and the law is open to no such reproach as would justly be cast upon it if it were to be held that the complainant can secure no relief until such time during the next 11 years as the defendant may see proper to bring suit upon the note. It would seem to make no difference whether the note is negotiable by the law merchant, or whether, like the note in question, it is negotiable under the statute. Whatever may be its character, if it be a forgery it may be defended against as successfully while in the hands of an innocent indorsee for value as while in the hands of the original payee. In this respect, if the note in question were payable in a bank in this state, it would not, if a forgery, be entitled to any greater consideration or protection than a note not payable in bank. The injury from its indorsement is no greater in the one case than in the other.

It is further insisted that the court cannot entertain jurisdiction as the complainant may at law defeat the note when sued upon it, and that such defense may be prepared for whether suit be brought in his lifetime, or thereafter against his personal representatives, under the statutory provisions in this state for taking and perpetuating testimony. It is apparent that the statutory right does not supersede or abridge the original and inherent jurisdiction of federal courts of equity. That the rightful jurisdiction of this court cannot be abridged by any statute of the state is too firmly settled to be open to question, and the mere right of a defense at law when it may suit the pleasure of the holder of the forged note to bring suit cannot be considered an adequate remedy. The difficulty of anticipating and meeting in advance fabricated evidence, which the forger of a note would not likely hesitate to resort to in order to sustain its pretended validity, at once suggests the inadequacy of any at-

tempt to ultimately defeat such a note by preserving evidence therefor under the statute. It may well be doubted whether a defense at law is an adequate remedy in any case in which it cannot be used until the wrongdoer, or one claiming under her, sees proper to put the machinery of the law in motion to enforce her pretended right. For there would be not only no adequate remedy, but no affirmative remedy whatever, available to the complainant, unless a court of equity may entertain jurisdiction and grant appropriate relief for the wrong. Demurrer overruled. Leave to answer in 30 days.