## MUTUAL LIFE INS. CO. OF NEW YORK v. PEARSON.

(Circuit Court, D. Massachusetts. March 28, 1902.)

### No. 1,486.

1. EQUITY—JURISDICTION—ADEQUACY OF LEGAL REMEDY—DISCRETION OF COURT.
    The application of the rule that equity jurisdiction cannot be invoked where there is an adequate remedy at law depends on the circumstances of the particular case, and rests in the sound discretion of the court, where there are any circumstances which show that the legal remedy may not be perfect and complete.

2. CANCELLATION OF INSURANCE POLICY—FRAUD—CONCEALMENT OF ILLNESS.
    Insured applied for a life policy, his application reciting that the insurance should not take effect "until the first premium shall have been paid during my continuance in good health." On January 6th thereafter, insured became suddenly ill with appendicitis, and the following day his private secretary paid the first premium to the agents, and received the policy from them, concealing the fact of insured's illness. On January 8th insured died. It appeared that the insurance company and insured's executors were citizens of different states, and also that the policy as issued did not call for the payment of a stipulated sum of money, but for the delivery of 240 bonds, of $1,000 each, payable 35 years from date, with interest coupons annually. *Held*, that the company's remedy by way of defense to an action at law was inadequate under the facts, and that it could sue in equity for the cancellation of the policy.

In Equity.

Lewis S. Dabney, Edward Lyman Short, and Reginald Foster, for complainant.

Alfred Hemenway and Charles T. Gallagher, for defendant.

COLT, Circuit Judge. This bill in equity seeks the delivery and cancellation of a life insurance policy on the ground of fraud and conspiracy, and an injunction against bringing any suit upon the policy. The defendant has demurred to the bill. The principal grounds of demurrer are that the bill does not state such a cause of action as entitles the complainant to relief in equity, and that it appears from the bill that the complainant has a plain, adequate, and complete remedy at law.

The inherent power of a court of equity to set aside a contract obtained by fraud is ancient, familiar, and elementary; and the only serious question raised by the demurrer is whether, upon the state of facts set forth in the bill, the complainant has an adequate and complete remedy at law.

The material facts disclosed by the bill are as follows: On December 27, 1900, James C. Pearson applied to the Mutual Life Insur-

ance Company of New York, complainant, for a contract of insurance. The application contained the provision that this contract "shall not take effect until the first premium shall have been paid, during my continuance in good health." A few days later, after Pearson had been examined by the medical examiner of the company, the application was approved. A contract of insurance was then made out for 240 bonds, of $1,000 each, payable in 35 years from their date, bearing interest at the rate of 4 per cent. per annum, payable semiannually. On January 8, 1901, the policy was handed to Fowler & Streich, agents for the company, to be delivered to Pearson upon the payment by him of the first annual premium of $15,594.90. On January 6, 1901, Pearson, while on his way from New York to Boston, suddenly became ill with appendicitis, and on arrival in Boston was taken to a private hospital. On January 8th an operation was performed, and he died about noon the next day. On January 7th, Oliver H. Story, the private secretary of Pearson, after an interview with him at the hospital, and with full knowledge of his illness, went to New York, and on January 8th obtained possession of the policy from Fowler & Streich by the payment of the first premium. Story fraudulently concealed from Fowler & Streich the fact that Pearson was in the hospital and dangerously ill. This fact was not known to the company, or to any of its officers or agents. If known, the premium would not have been received, or the policy delivered. Pearson died before Story could deliver the policy to him, and before Fowler & Streich had paid over to the company the premium. The company, upon learning of Pearson's sickness, refused to receive the premium from Fowler & Streich, and at once tendered Story the premium, and demanded the return of the policy, which was refused. Upon the probate of the will of Pearson, and the appointment of the executrix, the company again tendered the premium, and demanded a return of the contract, which was again refused.

The application of the rule that equity jurisdiction cannot be invoked where there is an adequate remedy at law depends upon the circumstances of each case. Watson v. Sutherland, 5 Wall. 74, 79, 18 L. Ed. 580. In a broad sense, the application of the rule rests upon the sound discretion of the court, where there are any circumstances which show that the remedy at law may not be perfect and complete. Boyce v. Grundy, 3 Pet. 210, 215, 7 L. Ed. 655; Sullivan v. Railroad Co., 94 U. S. 806, 811, 24 L. Ed. 324. In view of the circumstances under which the defendant gained possession of the policy, the complainant is clearly entitled to a prompt and complete remedy. It appears from the bill that, pending negotiations, or before the contract had been perfected by the payment of the first premium, the assured had become suddenly ill of appendicitis, and that this fact was fraudulently concealed from the complainant; in other words, that the delivery of the policy was procured by the fraudulent concealment of a material fact affecting the subject-matter of the contract. It may be said, therefore, that the minds of the parties never met with relation to the subject-matter of the contract, for the reason that, before the completion of the contract, the subject-matter had changed; and it follows that the

contract is absolutely void ab initio. The bill is not founded upon breach of warranty, but states a case in which the possession of the policy was obtained by fraud of a character which goes to the very essence of the contract, and prevents the existence of any contract except in form. The case presented would not have differed in principle had the bill alleged that the assured had died before the completion of the contract, and that this fact had been fraudulently concealed from the company at the time the first premium was paid and the policy delivered. The complainant having stated a case which entitles it to the speedy surrender and cancellation of the policy, the remedy at law is not perfect and complete, for the following reasons: If the relief prayed for be denied, and the bill be dismissed, the complainant must wait until the defendant brings an action at law in some court. The defence to an action at law, the bringing of which is dependent upon the will of the defendant, does not afford the complainant that prompt and efficient relief which it may justly claim, under the bill.

In Bank v. Stone (C. C.) 88 Fed. 383, 391, Judge Taft said:

"It would seem clear that a court of equity will not withhold relief from a suitor merely because he may have an adequate remedy at law if his adversary chooses to give it to him. The remedy at law cannot be adequate if its adequacy depends upon the will of the opposing party. To refuse relief in equity upon the ground that there is a remedy at law, it must appear that the remedy at law is 'as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' "

In that case, Mr. Justice Harlan and Judge Lurton sat with Judge Taft.

In Schmidt v. West (C. C.) 104 Fed. 272, 275, the court said:

"It may well be doubted whether a defense at law is an adequate remedy in any case in which it cannot be used until the wrongdoer, or one claiming under her, sees proper to put the machinery of the law in motion to enforce her pretended right. For there would be, not only no adequate remedy, but no affirmative remedy whatever, available to the complainant, unless a court of equity may entertain jurisdiction and grant appropriate relief for the wrong."

In Insurance Co. v. Cable, the circuit court of appeals for the Seventh circuit, in overruling the demurrer to a similar bill for the cancellation of a policy, on the ground that the remedy at law was not adequate and complete, said:

"The remedy open to the plaintiff is one not under its own control, but in the control and discretion of the opposite party." 39 C. C. A. 264, 98 Fed. 761, 763.

It further appears that the complainant is a citizen of New York, and the defendant a citizen of Massachusetts, and that consequently the complainant is entitled to litigate in the federal courts, and that it should not be obliged to answer to a threatened suit in the state courts of Massachusetts, and especially if it be true, as alleged in the bill, that the complainant would thereby be prevented from putting in Pearson's application as evidence, or having it considered as part of the contract. Insurance Co. v. Cable, 39 C. C. A. 264, 98 Fed. 761, 763.

Again, the policy does not call for the payment of a certain sum of money, but for the delivery of 240 bonds, of $1,000 each, payable 35 years from their date, with interest coupons payable semiannually. Under this contract, the defendant might sue upon each coupon as it became due, and thus put the complainant to the trouble and expense of defending for many years a multiplicity of actions brought in various jurisdictions. Buzard v. Houston, 119 U. S. 347, 352, 7 Sup. Ct. 249, 30 L. Ed. 451.

It is true,—where a contract of insurance for the payment of a definite sum of money has been perfected and one or more premiums paid, and the amount payable has become due, and the defense is the ordinary breach of warranty,—that a court of equity will refuse, as a general rule, to take jurisdiction upon a bill brought by the insurance company to cancel the policy, both on the ground that the defense at law is adequate, and because such issues of fact are more properly triable by jury; and this is especially true where an action at law is already pending in the same court. Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Hoare v. Bremridge, 8 Ch. App. 22. But in cases like the present bill, where possession of the policy has been obtained by gross fraud, intentional or otherwise, and there are special circumstances showing that the remedy at law will not be "as practical and efficient to the ends of justice and its prompt administration," a court of equity will entertain jurisdiction of the bill. Insurance Co. v. Cable, 39 C. C. A. 264, 98 Fed. 761; Id., 49 C. C. A. 216, 111 Fed. 19; Insurance Co. v. Dick (Mich.) 72 N. W. 179, 43 L. R. A. 566; Trail v. Baring, 4 Giff. 485; British Equitable Ins. Co. v. Great Western Ry. Co., 38 Law J. Ch. 132, 20 Law T. (N. S.) 422.

Demurrer overruled.