RAILROAD AND WAREHOUSE COMMISSION OF MINNESOTA ET AL. *v.* DULUTH STREET RAILWAY COMPANY.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA.

No. 228.   Argued March 14, 15, 1927.—Decided April 11, 1927.

1. A public utility claiming that an order of a state commission fixing its rates deprives it of a fair return, is not bound to exhaust a statutory remedy by appeal to the state court before going into the federal court, when it is possible that such remedy might be held judicial rather than legislative in character and the decision therefore *res judicata* against the complainant.   P. 627.
2. The requirement that state remedies in such cases be exhausted before coming into the federal court is not a fundamental principle of substantive law but merely a requirement of convenience or comity.   P. 628.
3. A street railway, in electing to come under a state statute providing that its rates may be fixed by a commission with review by appeal to the state courts, does not thereby contract that it will exhaust the statutory remedy before suing in the federal court when the rate fixed by the commission is confiscatory.   P. 628.
4. Where under the state law a street railway and a city both had the right to appeal to the state court from an order of a commission fixing the railway fare, a suit by the railway in the federal court to enjoin enforcement of the order as confiscatory, to which the city is a party, gives the city its day, and is not objectionable as cutting off its right of appeal to the state court.   P. 629.

4 F. (2d) 543, affirmed.

APPEAL from a judgment of the District Court enjoining the enforcement of an order of the above named Commission fixing the rates of the Railway Company. The defendants were the Commission, its members, and the City of Duluth.

*Mr. Ernest C. Carman,* with whom *Mr. Clifford L. Hilton* was on the brief, for appellant The Railroad and Warehouse Commission.

*Mr. John B. Richards* for appellant The City of Duluth.

*Mr. Oscar Mitchell,* with whom *Messrs. W. D. Bailey* and *H. A. Carmichael* were on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an appeal from a decree of the District Court in favor of the plaintiff, the appellee, that prohibits the enforcing of a rate for the carriage of passengers established by the appealing Commission and authorizes the plaintiff to charge not exceeding six cents for carrying passengers within the City of Duluth, subject to conditions not needing mention. 4 F. (2d) 543. The Commission's order allowed a charge of six cents for a single fare but required the plaintiff to issue tickets or tokens at not to exceed twenty-five cents for five rides. The difference, it will be seen, is somewhat narrow and the only question that we have any need to consider is whether the plaintiff had a right to come into the Court of the United States when it did, and whether its suit was not at least premature.

The plaintiff, an existing street railway company, elected to comply with and come under the terms of Chapter 278 General Laws of Minnesota, 1921, by filing the declaration and consent required. Thereby it gained a right to apply to the above mentioned Commission to fix the rates of fare to be charged in place of the five cents

to which it had been limited before it came in under the
Act. It applied to the Commission; the City of Duluth
was made a party; and after a hearing the Commission
determined the value of the plaintiff's property used and
useful in the street car service in Duluth, found that a
return of seven and one-half per cent. was a reasonable
rate of return, and fixed the fares that we have stated as
sufficient to yield that rate. This was on July 13, 1922.
Five days later the plaintiff filed this bill, setting up that
the Commission's order was confiscatory and in violation
of the Fourteenth Amendment of the Constitution of the
United States.

    The objections to the bill are based on the provisions
of the Minnesota statute for an appeal. Both the city
and the street railway are given the right to appeal to
the District Court of the county, and there the whole
matter, fact and law, is to be tried before three judges,
without a jury. They are to find all material facts, in-
cluding the fair value of the property and the reasonable
rate of return, and to affirm, modify or reverse the order
of the Commission, as may be required by law, the Com-
mission being directed to conform to their judgment in
its final order. There is a further resort to the Supreme
Court. It is said that plaintiff was bound to exhaust the
appeal thus granted before going elsewhere, and that it
could not cut off the similar right of the City of Duluth.
It is said that this is so not only on general principles
but is binding on the plaintiff by its assent to the statute,
which, it is said, constituted a contract and amounted to
an acceptance of the statutory proceedings as the only
mode of relief.

    The Supreme Court of the State has declared the pro-
ceedings in Court to be judicial not legislative in their
nature, and therefore consistent with the constitution of
the State. *Duluth* v. *Railroad & Warehouse Commission,*
167 Minn. 311. See *Janvrin, Pet'r,* 174 Mass. 311. If

then the State Court should affirm the rate fixed by the Commission and the matter should become *res judicata,* a resort to the federal Court would be too late. But the plaintiff if it prefers to entrust the final decision to the Courts of the United States rather than to those of the State has a right to do so. *Reagan* v. *Farmers' Loan & Trust Co.,* 154 U. S. 362, 391. *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, 228 and cases cited. It might be said that this Court would have to exercise its own judgment as to how the proceedings in the State Court should be characterized and not impossibly might regard them as legislative. *Keller* v. *Potomac Electric Co.,* 261 U. S. 428. Or again it might be said that however characterized the judgment does not operate as such, but is taken up into the subsequent order of the Commission and therefore is subject to review after it has been given that form. But as against these considerations it must be remembered that the requirement that state remedies be exhausted is not a fundamental principle of substantive law but merely a requirement of convenience or comity. Where as here a constitutional right is insisted on, we think it would be unjust to put the plaintiff to the chances of possibly reaching the desired result by an appeal to the State Court when at least it is possible that as we have said it would find itself too late if it afterwards went to the District Court of the United States. *Pacific Telephone & Telegraph Co.* v. *Kuykendall,* 265 U. S. 196. *Oklahoma Natural Gas Co.* v. *Russell,* 261 U. S. 290.

The argument that the plaintiff is barred by contract needs but a word. We will assume for the purposes of decision that the plaintiff by coming in under the State law made a contract, and as part of it adopted the statutory method of getting its rates changed. But it would be extravagant to say that it did more than adopt that method in its general character and with its ordinary incidents. If apart from the supposed contract a party

would have been entitled to go to the Court of the United States at the stage when the plaintiff went there, no reasonable interpretation of the contract forbade the plaintiff to go, and there is no need to consider whether the contract could have forbidden it if it had tried.

Finally as to the rights of the appellants. It is said that the appeal of the City is cut off by the course the plaintiff has taken. But of course the City would not appeal except on the ground that the plaintiff already was given too favorable terms. The City is in the present case and when as here the plaintiff succeeds in showing that these terms are inadequate on constitutional grounds, the City has had its day and has failed, and the loss of its appeal is merely a consequence of a trial in which it has been heard and has lost.

*Decree affirmed.*

MR. JUSTICE BUTLER took no part in this case.