**PALMOLIVE CO. v. CONWAY et al.**

District Court, W. D. Wisconsin. January 8, 1930.

No. 1406.

---

Louis Quarles, James T. Guy, and Nathan Glicksman, all of Milwaukee, Wis., and Harry L. Butler and Ray M. Stroud, both of Madison, Wis. (Lines, Spooner & Quarles, of Milwaukee, Wis., and Olin & Butler, of Madison, Wis., of counsel), for plaintiff.

John W. Reynolds, Atty. Gen., of Wisconsin, and Franklin E. Bump, Asst. Atty. Gen., for defendants Conway and others.

George A. Bowman, Dist. Atty., and Daniel W. Sullivan, Corp. Counsel, both of Milwaukee, Wis., for defendant McManus.

LINDLEY, District Judge. ▮ Plaintiff brings this suit to enjoin the Tax Commission of Wisconsin and Patrick McManus, treasurer, from the threatened collection of an additional income tax assessment alleged to have been assessed without any legal authority or basis therefor. The ultimate case of plaintiff, as presented by its bill, the allegations of which are by the motion to dismiss admitted, is that at the hearing before the Wisconsin Tax Commission "the fact was made to appear affirmatively and the evidence without dispute showed that all of the income of plaintiff * * * in any way subject to taxation by the State of Wisconsin had been duly reported and returned and had been duly assessed for taxation and the taxes thereon fully paid, and that the additional assessments" (aggregating with interest over $200,-000) "were based wholly upon alleged income in excess of actual income"; that despite the establishment of said facts, the Commission entered an order affirming the assessment of additional income taxes and directing their collection, in the manner provided by law of Wisconsin; that the Commission arbitrarily, without warrant of law, assessed against plaintiff taxes upon income, no part of which was received by plaintiff, but all of which was income of other corporations.

From the allegations of the bill it appears that the plaintiff has complied with the provisions of the Wisconsin statute so far as administrative and legislative remedies and requirements are concerned. The Commission is by statute endowed with final administrative and legislative authority in the assessment of income taxes, and that body has issued its final order.

The statute further provides that the exclusive judicial review of the Commission's order shall be in the circuit court of Dane county and appeal therefrom to the Supreme Court of the state. Neither the Constitution nor statute of Wisconsin clothes the circuit court or the Supreme Court with anything other than judicial functions.

Defendants' motion to dismiss presents only the question of whether this court has any jurisdiction of the admitted cause of action, i. e., a controverted question as to the legality and constitutionality of the order of the Commission. The essential elements of jurisdiction on the grounds of diversity of citizenship exist, but defendants insist that plaintiff, a nonresident corporation, can have a judicial review of the order only in the forum prescribed by the Wisconsin statute, viz., the state court.

▮ Under well-remembered decisions of the Supreme Court of the United States, it is clear that the functions of the Tax Commission are purely administrative and legislative. It is no longer insisted that the functions of a taxing body created by the Legislature to execute its legislative functions in assessing taxes are in any wise judicial. It is equally well established that before a party may have judicial review of an order of such a body it must show that it has exhausted its remedy before the legislative and administrative bodies. Prentis v. Atlantic Coast Line Co., 211

U. S. 210, 29 S. Ct. 67, 70, 53 L. Ed. 150. Until the administrative remedies have been exhausted, there is no basis for litigation in either state or federal court, for, as Justice Holmes has said in the case cited, "Litigation cannot arise until the moment of legislation is past."

■■ This proposition, that the courts of neither state or nation may judicially review the order of a legislative taxing body until and unless it be shown that all the remedies of administrative or legislative character provided by the state have been exhausted, must not be allowed to obscure the equally well-established rule that if the facts necessary to the existence of federal jurisdiction are shown to exist a party may not by the state statute be deprived of his right to review in the federal court and compelled to submit his case to the state court. Defendants "are not to be forbidden to try * * * facts before a court of their own choosing, if otherwise competent. 'A state cannot tie up a citizen of another state, having property within its territory invaded by unauthorized acts of its own officers, to suits for redress in its own courts." Prentis v. Atlantic Coast Line Co., 211 U. S. 210, at page 228, 29 S. Ct. 67, 70, 53 L. Ed. 150. The state may through its Constitution and statutes fix and limit as it pleases, so long as it does not violate the federal Constitution, the administrative and legislative rules and orders governing the rights of nonresidents owning property or doing business within its borders. But it may not provide that judicial review thereof shall be had only in its own courts and thus deprive the nonresident of its right given by the federal law, in pursuance of the federal Constitution, binding upon all the states, to have such review in the federal court. Railroad and Warehouse Commission of Minnesota v. Duluth St. R. Co., 273 U. S. 625, 47 S. Ct. 489, 490, 71 L. Ed. 807; Smyth v. Ames, 169 U. S. 516, 18 S. Ct. 418, 42 L. Ed. 819; McConihay v. Wright, 121 U. S. 201, at page 205, 7 S. Ct. 940, 30 L. Ed. 932; Payne v. Hook, 7 Wall. 425, at page 430, 19 L. Ed. 260. In the first-mentioned case a corporation brought a suit to enjoin an order fixed by a state commission of Minnesota. It was contended that the railway company was bound to follow the procedure prescribed by the state statute, of appeal to the local courts; but the Supreme Court said: "The Supreme Court of the State has declared the proceedings in Court to be judicial not legislative in their nature, and therefore consistent with the constitution of the State. Duluth v. Railroad & Warehouse Commission, 167 Minn.

311, 209 N. W. 10. See Janvrin, Pet'r, 174 Mass. 514, 47 L. R. A. 319, 55 N. E. 381. If then the State Court should affirm the rate fixed by the Commission and the matter should become res judicata, a resort to the federal Court would be too late. But the plaintiff if it prefers to entrust the final decision to the Courts of the United States rather than to those of the State has a right to do so. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 391, 38 L. Ed. 1014 [4 Inters. Comm. Rep. 560] 14 S. Ct. 1047; Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 228, 53 L. Ed. 150, 159, 29 S. Ct. 67, and cases cited." In the instant case the statute of Wisconsin provides for judicial review by the state courts and says that such remedy shall be exclusive. It confers upon the state court no legislative or administrative function. Consequently plaintiff may have its judicial review of the Commission's order, as in the case quoted, in the federal court.

Defendants have cited a number of cases ostensibly in support of their position, but upon examination of the same it is obvious that in each instance the court was impelled to its decision by the fact that the complaining party had not exhausted its administrative and legislative remedies provided by the state. Thus, in the case of Keokuk & Hamilton Bridge Co. v. Salm, 258 U. S. 122, 42 S. Ct. 207, 208, 66 L. Ed. 496, Justice Brandeis said: "Appellant did not even apply to the board of review to correct the assessment." The board of review there mentioned was the final administrative board clothed with jurisdiction to review, modify, increase, or decrease the assessment complained of. In Mellon Co. v. McCafferty, 239 U. S. 134, 36 S. Ct. 94, 60 L. Ed. 181, the court merely adhered to the recognized rule that if the plaintiff has ample, efficient administrative remedies under the state law, the failure to resort to them will bar his right to relief in the federal court. The opinion is grounded upon the proposition that in view of the fact that the administrative remedies were not first exhausted the court is without jurisdiction to grant relief. In Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 29 S. Ct. 67, 53 L. Ed. 150, the defense was asserted that in view of the fact that the plaintiff had an adequate remedy in the state court, including appeal to the Supreme Court of Appeals of Virginia, the federal court had no jurisdiction to proceed. There Justice Holmes pointed out that by the Constitution of Virginia the Supreme Court of Appeals was given legislative power, that under the statute it had the last legislative word, that until the legis-

lative function had been completed no litigation could be begun, and that therefore the federal court could have no jurisdiction, for to issue the injunction required would be to enjoin a threatened legislative action which might or might not occur. It was not because there was an adequate judicial remedy in the courts of Virginia, but because the courts of Virginia were part of the legislative system, which must act before litigation could begin, that the Supreme Court held that no jurisdiction existed. This is clearly pointed out in Wilmington City Ry. Co. v. Taylor (D. C.) 198 F. 159, and by the Supreme Court of the United States in Bacon v. Rutland R. R. Co., 232 U. S. 134, 34 S. Ct. 283, 58 L. Ed. 538, where the court said: "The defendants rely upon Prentis v. Atlantic Coast Line Co., 211 U. S. 210, 229, 230, 29 S. Ct. 67, 53 L. Ed. 150, 160. The ground of that decision was that by the state Constitution an appeal to the supreme court of appeals from an order of the state corporation commission, fixing rates, was granted, with power to the court to substitute such order as, in its opinion, the commission should have made. The court was given legislative powers, and it was held that in the circumstances it was proper, before resorting to the circuit court of the United States, to make sure that the officials of the state would try to establish an unconstitutional rule. But it was laid down expressly that at the judicial stage the railroads had a right to resort to the courts of the United States at once. Page 228 [of 211 U. S., 29 S. Ct. 67, 53 L. Ed. 150]. Therefore before that case can apply it must be established at least that legislative powers are conferred upon the supreme court of the state of Vermont."

Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288, and Southern Ry. Co. v. Query (D. C.) 21 F.(2d) 333, cited by defendants, support the proposition merely that if plaintiff has an adequate remedy at law available in the federal court a suit in equity will not lie. In the present case defendants admit there is no adequate remedy at law in the federal court.

In Burrill v. Locomobile Co., 258 U. S. 34, 42 S. Ct. 256, 66 L. Ed. 450, the suit in the federal court was begun after the statute of limitations had run in the state court, and the Supreme Court held therefore that the action could not be maintained in the federal court on the ground that the remedy on the law side in the federal court was no greater than that permitted by the statute in the state court.

In view of the fact that the plaintiff has exhausted its remedies before administrative and legislative bodies; that its only remedy now is one of judicial review; that a state cannot by the passage of any law deprive it of its constitutional right to go into the federal court, provided the necessary jurisdictional facts exist (Smyth v. Ames, 169 U. S. 516, 18 S. Ct. 418, 42 L. Ed. 819); that to limit the plaintiff to its remedy in the state court would be to permit a state to tie up a citizen of another state, having property within its territory invaded by unauthorized acts of its own officers to relief in its own court, which cannot be done (Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, at page 391, 14 S. Ct. 1047, 38 L. Ed. 1014); that on the face of the bill a cause of action in equity is stated, it follows that this court has jurisdiction, and that the motion to dismiss must be, and is hereby, denied.