## CITY OF EL PASO et al. v. TEXAS CITIES GAS CO.*

### No. 8824.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1938.

Rehearing Denied Jan. 16, 1939.

502

Ernest Guinn, Coyne Milstead, and Leo Jaffe, all of El Paso, Tex., for appellants.

Warren J. Collins, Marshall Newcomb, Roy C. Coffee, and J. L. Toone, all of Dallas, Tex., and Wm. H. Burges, of El Paso, Tex., for appellee.

Irl F. Kennerly, of Houston, Tex., for amicus curiae.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

■ The appeal is from a preliminary injunction which stopped the enforcement of an ordinance of the City of El Paso reducing the rates for natural gas furnished in the City. The injunction rests not on mere discretion, but was granted after a full hearing and on deliberate findings of fact and law. Taking it as the Court's settled judgment of the merits, we think it should be set aside on the single ground that the appeal to the Railroad Commission provided by the Texas statute was not taken before applying to the court for injunction.

The City is empowered by Section 41 of its Charter and by Art. 1175(12), Revised Statutes of 1925, to prescribe gas rates. Art. 6058 provides that when a city government has ordered any existing rate reduced a review of the order may be had before the Railroad Commission on giving the required bond; and the Commission after a hearing may make such order therein as it may deem just and reasonable; "The Commission shall hear such appeal de novo." In the present case the City Council set about remaking the gas rates, and on March 17, 1938, passed an ordinance requiring the utility companies to furnish on demand certain detailed information. On March 19, 1938, they passed an ordinance demanding of Texas Cities Gas Company certain detailed information covering the five previous years of its business to be furnished by April 4, 1938, and certain other information covering the preceding two years and the audits for the preceding five years by March 26, 1938. This demand was duly served and by March 26, 1938, some of the information demanded for that date was furnished and as to the other it was stated in writing that it could not be furnished from the books as kept, but only from a long process of checking for which there was not time. The Company was engaged in an endeavor to compile the information required for April 4th, but on March 28, without any further notice, or any formal hearing, an ordinance was passed drastically reducing the rates—so drastically as to be according to the court's findings confiscatory.

■■ Section 41 of the Charter authorizes the fixing of rates by the City "provided such rates shall be reasonable and shall be fixed after giving such company an opportunity to be heard and shall not be a confiscation of the property of such company." Art. 1175, being later general legislation applicable to many cities, gives power to fix rates without any such proviso. We find no such inconsistency between the two as to repeal the proviso of Sect. 41 by implication. It may stand consistently with Art. 1175 for the Constitutions of Texas and of the United States require about what the proviso does. It cannot be supposed that the Legislature intended in enacting 1175 to do away with these requirements entirely, nor as expressed in the Charter of El Paso. The ordinance as passed, we agree with the District Court, was not lawfully passed, and cannot lawfully be enforced.

■ It remains to consider the function in these circumstances of a federal court of equity. Federal jurisdiction is clear because of a substantial question under the federal Constitution, a sufficient amount being involved. The Johnson Act, amending Jud.Code § 24(1), 28 U. S.C.A. § 41(1) by limiting the jurisdic-

tion of the district courts in enjoining State rates, is not in the way for it does not apply in cases where reasonable notice and hearing was not afforded in fixing the rate. But it does mention as an important element to be considered whether there is a "plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." These words are noted, not because they here stand in the way of federal jurisdiction, but because they emphasize the increasing disinclination of federal authority to interfere in State matters until State remedies have been exhausted.

■ This disinclination is founded in comity, rather than on a want of power either as a federal court or as a court of equity. It looks to a maintenance of the smooth and satisfactory operation of our dual form of government. Compare Pennsylvania v. Williams, 294 U.S. 176, 177, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L. R. 1166. Primarily the Company here takes strong ground in urging that the ordinance as it stands is invalid both for want of procedural due process and for confiscation involved, and its penalties make impractical and unsafe a test at law, so that equity should halt on well established principles. The adequate remedy at law which under 28 U.S.C.A. § 384 holds equity off is one in a court of the United States. Therefore the remedy over against an order of the Commission in the State courts which is provided by Art. 6059, if applicable to an order reviewing a city rate, would not oust federal equity courts of the power to act. It is all a question of the propriety of interference. Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150; Railroad & Warehouse Commission v. Duluth St. Ry. Co., 273 U.S. 625, 47 S.Ct. 489, 71 L.Ed. 807. The Constitution of the United States is to be upheld, and it is the peculiar duty of the federal courts to lend their assistance in doing so, but if State action is involved and the action thus far taken is not final but may be fully and readily reviewed administratively and a redress afforded by the State itself, federal authority ought in general to stand aside until the State's authority has finally spoken. This has been made apparent in decisions respecting both State

rates and taxes. The case of United States v. Abilene & Southern Ry. Co., 265 U.S. 274, 44 S.Ct. 565, 68 L.Ed. 1016, which involved only federal agencies and so did not involve comity, is not in point. It dealt with another general rule that administrative process, whether State or federal, which can remedy the thing complained of ought to be exhausted before applying to a court of equity. United States v. Illinois Cent. R. Co., 291 U.S. 457, 54 S.Ct. 471, 78 L.Ed. 909; Meyers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, and cases cited in Note 9.

■ Under both principles the Court here should have refrained from exercising the power of injunction. An appeal to the Railroad Commission would have been equally as prompt as final action by the Court. Substantially the same sort of bond would have been required by the Commission to supersede the ordinance as was required by the Court to restrain it pending hearing; and the Company was amply able to give it. The want of opportunity to present its case would be fully redressed by a de novo hearing before the Commission, and we cannot suppose that that experienced body would reimpose a confiscatory rather than a reasonable rate. We regard the State of Texas rather than the municipality of El Paso as speaking in the legislative act of rate making, although performed by the City Council, and the rate ordinance is thus State action within the Fourteenth Amendment, U.S.C.A.Const. Amend. 14. Home Telegraph Co. v. Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510. But the State has not finished speaking till its Railroad Commission has spoken. The District Court ought to wait till that time before undertaking to interfere. Porter, Auditor, v. Investors' Syndicate, 286 U. S. 461, 52 S.Ct. 617, 76 L.Ed. 1226; Natural Gas Co. v. Slattery, 302 U.S. 300, 311, 58 S.Ct. 199, 82 L.Ed. 282.

The judgment granting an interlocutory injunction is reversed and set aside, with direction to dissolve the restraining order also after allowing a reasonable time for appellee to enter an appeal to the Railroad Commission and to supersede the order of the City of El Paso which is complained of.