**ILLINOIS CENTRAL RAILROAD COMPANY, Plaintiff,**

**v.**

**MISSISSIPPI PUBLIC SERVICE COMMISSION, and Alton Massey, Ike Sanford, and Howard Little, as Members of and Constituting the Public Service Commission of the State of Mississippi; and J. P. Coleman, as Attorney General of the State of Mississippi, Defendants.**

**Civ. A. No. 2220.**

United States District Court
S. D. Mississippi, Jackson Division.

Oct. 27, 1955.

Byrd, Wise & Smith, Jackson, Miss., for plaintiff.

J. P. Coleman, Atty. Gen. of the State of Mississippi, James T. Kendall, Sp. Asst. Atty. Gen. of the State of Mississippi, Jackson, Miss., for defendants.

Before HOLMES, Circuit Judge, and MIZE and THOMAS, District Judges.

HOLMES, Circuit Judge.

This is a civil action of an equitable nature, in which the plaintiff seeks to enjoin the defendants from the enforcement of an order of the Mississippi Public Service Commission, dated October 18, 1950, which requires the plaintiff to continue its passenger service on trains between Gulfport and Jackson, Mississippi. A temporary injunction restraining the enforcement of said order has been granted by this court, and is now in effect. There has been prior litigation on this subject in the state courts, which culminated in a decision by the Supreme Court of Mississippi, reported in Illinois

Cent. R. Co. v. Mississippi Public Service Commission, Miss., 71 So.2d 176. Said court held that the plaintiff had a plain, adequate, and complete, remedy at law by appeal from the order of the Commission, and could not maintain a bill in chancery to restrain enforcement thereof.

The same matter is now submitted to this court on the motion of defendants for a summary judgment. The answer of defendants denies the allegations of the complaint and sets up three affirmative defenses: first, res judicata; second, plaintiff had a plain, adequate, and complete, remedy at law; and, third, an insufficient showing by the plaintiff of threatened or impending irreparable injury of such an extraordinary nature as to warrant the exercise of this court's injunctive powers. As an exhibit to their answer, the defendants have filed a complete copy of all the pleadings, evidence, and other proceedings in the state court and before the Public Service Commission. The motion for summary judgment is submitted on these records, on affidavits, and on admissions made by the plaintiff in response to requests made by the defendants. We discern no substantial controversy as to the facts except that the defendants deny the plaintiff's allegations as to the loss of enormous sums of money sustained by it in the operation of its trains.

The Supreme Court of Mississippi, in 71 So.2d 176, did not consider the suit on its merits but denied the plaintiff any relief; and affirmed the judgment dismissing the bill, on the ground that the plaintiff had a plain, adequate, and complete remedy at law in the state court by appeal to the state circuit court. There is no contention here by the defendants that the plaintiff did not exhaust its administrative remedies before resorting to the federal court. We quote the following from the brief of defendants on the motion for a summary judgment: "Therefore, our initial conclusion that an appeal to the Circuit Court from the order of the Public Service Commission would have been a judicial proceeding leads us to the conclusion that, after such an appeal, the railroad company could have removed the proceeding to the Federal District Court. We do not wish our position in this matter to be a matter of confusion or doubt. We have nowhere urged the proposition that this Court should not accept jurisdiction because the plaintiff has not exhausted its administrative remedies. As set forth above, we do not now take such a position."

■ Among other authorities, the defendants rely upon Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 662, 91 L.Ed. 832, wherein the court was sharply divided, and in which the majority opinion said: "Of course, where resort is had to a federal court not on grounds of diversity of citizenship but because a federal right is claimed, the limitations upon the courts of a State do not control a federal court sitting in the state. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, [90 L.Ed. 743]." In the case at bar, the plaintiff does not rely upon diversity of citizenship for federal jurisdiction, but solely upon the violation of a federal right. The complaint alleges that the order of the Commission, dated October 18, 1950, is contrary to and in violation of plaintiff's rights which are secured by the Fourteenth Amendment of the Constitution of the United States, and that the impending enforcement of said order constitutes the taking of plaintiff's property without due process of law. The citizenship of the parties does not appear upon the face of the complaint. It is true that the plaintiff did not appeal from the judgment of the Supreme Court of Mississippi or apply for certiorari, as it might have done; but there is no doctrine of exhaustion of judicial remedies. If a judgment of dismissal is rendered on jurisdictional grounds, the losing party may accept it; and, instead of seeking a review, may institute another action where one will not be met by the jurisdictional bar. Cf. Restatement, Judgments (1942), Sec. 49, pp.

193–195; Cook, The Logical & Legal Bases of the Conflict of Laws (1942) pp. 133–135.

■ The equitable jurisdiction of the federal courts is defeated only by an adequate legal remedy available in said courts. It is not sufficient to defeat federal equity jurisdiction that there be a remedy at law, but the remedy at law must be plain, adequate, and complete; that is, it must be as complete and as efficient as the equitable remedy. In case of serious doubt as to the adequacy of the remedy at law, the federal courts resolve this doubt in favor of their jurisdiction in equity; and, as federal equity jurisdiction is defeated only by an adequate legal remedy available in the federal courts, it is not defeated by the existence of such a remedy at law which is available only in a state court. It has often been decided that the federal equity jurisdiction is vested in the courts of the United States by the Constitution, and Acts of Congress in execution thereof; and that such equity jurisdiction cannot be impaired or diminished by the statutes of the several states regulating the practice of their own courts. Boyce's Ex'rs v. Grundy, 3 Pet. 210, 7 L.Ed. 655; City of Walla Walla v. Walla Walla Water Co., 172 U.S. 1, 19 S.Ct. 77, 43 L.Ed. 341; Coler v. Board of Com'rs of Stanly County, C.C., 89 F. 257; United States Life Ins. Co., in City of New York v. Cable, 7 Cir., 98 F. 761; National Surety Co. v. State Bank, 8 Cir., 120 F. 593, 61 L.R.A. 394, Medina Cas. Federal Procedure, 27, 184; Williams v. Neely, 8 Cir., 134 F. 1, 69 L.R.A. 232; Rumbarger v. Yokum, C. C., 174 F. 55.

■ The adequate remedy at law, which is the test of the equitable jurisdiction in the federal courts, is that existing when the Judiciary Act of 1789, 1 Stat. 73, was adopted unless subsequently changed by an act of Congress; so that, if no adequate remedy at law existed on that date, the jurisdiction in equity of a federal court cannot be defeated by a subsequent state statute creating an adequate remedy at law; nor can federal equity jurisdiction be narrowed by state statutes. Mississippi Mills v. Cohn, 150 U.S. 202, 14 S.Ct. 75, 37 L.Ed. 1052; Smyth v. Ames, 169 U.S. 466, 18 S.Ct. 418, 42 L.Ed. 819; Guffey v. Smith, 237 U.S. 101, 114, 35 S.Ct. 526, 529, 59 L. Ed. 856, Medina Cas. Federal Procedure, 72; Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 498, 43 S.Ct. 454, 456, 67 L. Ed. 763, Medina Cas. Federal Procedure, 197; Schmidt v. West, C.C., 104 F. 272; Barrett v. Twin City Power Co., C. C., 118 F. 861.

■■ The one issue of fact in this case is with reference to the trains being operated at a loss; the two issues of law are, first, whether the plaintiff is under a contractual obligation to furnish the passenger service even at a loss, and second, if operated at a loss, whether the enforcement of the order would amount to a confiscation of the railroad's property. These are judicial issues, not administrative matters, in deciding which the Commission was exercising its quasi-judicial power. The Commission is an administrative agency in the executive department of the state government. The state statute, which allows appeals from its orders, makes a distinction between the scope of appellate power conferred on the state circuit courts in controversies wherein an administrative order is involved and those wherein the order appealed from is a judicial finding, Sec. 7699, Title 28, of the Mississippi Code of 1942. As to an administrative order, the court may affirm or reverse for further proceedings as justice may require; as to a judicial finding, the court shall review, affirm, reverse or modify the same and enter thereon such order or judgment as may be right and just. The order of October 18, 1950, was of the kind designated in the statute as a judicial finding. The same matter may start as an administrative proceeding and later develop into an action at law, which is what would have happened if there had been an appeal from the order to the state court, though the same issues would have been involved; and the issues in the case at bar are likewise the same.

Judicial power is the legal right, ability, and authority, to hear and decide a justiciable issue or controversy; such power is ordinarily vested in a court of justice. State of Rhode Island v. Commonwealth of Massachusetts, 12 Pet. 657, 738, 37 U.S. 657, 738, 9 L.Ed. 1233. In Mississippi, its highest court is firmly committed to the doctrine that non-judicial functions cannot constitutionally be conferred upon its courts. City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48; Ritchie v. City of Brookhaven, 217 Miss. 860, 65 So.2d 436, 832; Dixie Greyhound Lines v. Mississippi Public Service Commission, 190 Miss. 704, 200 So. 579, 1 So.2d 489. In the federal courts, the exact nature of the proceeding must be analyzed to arrive at the correct conclusion, but ordinarily an administrative proceeding becomes judicial when transferred to a federal court, although not necessarily so. See Commissioners of Road Imp. Dist. No. 2 of Lafayette County, Ark. v. St. Louis Southwestern R. Co., 257 U.S. 547, 549, 42 S.Ct. 250, 66 L.Ed. 364; Bailey v. Berry, Miss., 71 So.2d 181; City of Hattiesburg v. First Nat. Bank of Hattiesburg, D.C., 8 F. Supp. 157. Also compare Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 225, 226, 29 S.Ct. 67, 53 L.Ed. 150, which involved a legislative question, to wit, a matter of rate-making.

In Alabama Public Service Commission v. Southern Ry. Co., 341 U.S. 341, 71 S. Ct. 762, 95 L.Ed. 1002, assuming that the federal court had jurisdiction, the court held that the exercise thereof was a matter of sound equitable discretion, since adequate state-court review of an administrative order was available; but the court further held that equitable relief may be granted when the district court is convinced that the asserted federal right cannot be preserved except by granting the extraordinary relief of an injunction in the federal court, and that the usual rule of comity must govern the exercise of such equitable jurisdiction. Concurring in the result, Mr. Justice Frankfurter said: "The lack of merit in the plaintiff's case is so clear that it calls for dismissal of the complaint. * * * Jurisdiction over cases where there is diversity of citizenship was conferred by § 11 of the Judiciary Act of 1789. 1 Stat. 73, 78. In Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9, we held that in an equity case the District Court could not decline to exercise its jurisdiction merely because matters of State were involved." 341 U.S. 355, 71 S.Ct. 771. On the same page, the same Justice said:

"In Reagan v. Farmers' Loan & Trust Co., 154 U.S. 362, 391, 14 S.Ct. 1047, 1052, 38 L.Ed. 1014, we rejected the argument that suit could not be brought in the federal court to restrain the enforcement of a State agency order. The Court has consistently held to the view that it cannot overrule the determination of Congress as to whether federal courts should be allowed jurisdiction, concurrent with the State courts, even where the plaintiff seeks to restrain action of a State agency. Smyth v. Ames, 169 U.S. 466, 516, 18 S.Ct. 418, 422, 42 L.Ed. 819; Willcox v. Consolidated Gas Co., 212 U.S. 19, 40, 29 S.Ct. 192, 195, 53 L.Ed. 382; Bacon v. Rutland R. Co., 232 U.S. 134, 137, 34 S.Ct. 283, 284, 58 L.Ed. 538; Detroit & Mackinac R. Co. v. Michigan R. R. Comm., 235 U.S. 402, 35 S.Ct. 126, 59 L.Ed. 288; Oklahoma Natural Gas Co. v. Russell, 261 U.S. 290, 293, 43 S.Ct. 353, 354, 67 L.Ed. 659; Prendergast v. New York Telephone Co., 262 U.S. 43, 47, 43 S.Ct. 466, 468, 67 L.Ed. 853; Pacific Telephone & Telegraph Co. v. Kuykendall, 265 U.S. 196, 201, 44 S.Ct. 553, 555, 68 L.Ed. 975; Railroad & Warehouse Comm. of Minnesota v. Duluth St. R. Co., 273 U.S. 625, 628, 47 S.Ct. 489, 490, 71 L.Ed. 807; See Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 228, 29 S.Ct. 67, 70, 53 L.Ed. 150. These cases can be overruled. They cannot be explained away."

The history of this litigation opens with a suit in the Chancery Court

of Hinds County, Mississippi, filed by the State on the relation of its Attorney General, in which a temporary injunction was granted, restraining the Illinois Central Railroad Company from discontinuing the operation of its two passenger trains between Jackson and Gulfport. This injunction remained in effect until after the matter was heard by the Public Service Commission, and until after the order of October 18, 1950, had been entered. On November 10, 1950, said injunction was dissolved because the question had been determined by the Public Service Commission. On November 15, 1950, the Railroad filed in the chancery court the suit first mentioned in this opinion, which is reported in 71 So.2d 176, which clearly would be res judicata except for the fact that the Supreme Court in its opinion held that neither it nor the chancery court had any jurisdiction to issue the injunction. If the chancery court had no jurisdiction, the Supreme Court had none except so to hold, which it did. For that reason, the action of the chancery court was affirmed. The trial court dismissed the bill on the merits; and the appellate court affirmed the dismissal on the ground that the trial court had no equitable jurisdiction. A plea of res judicata cannot be sustained if the court rendering the judgment was without jurisdiction to grant the relief sought. In Mississippi, under its Constitution, § 144 et seq., there are separate courts of law and equity; and the chancery court has full jurisdiction of all matters in equity.

 Sitting as a court of original equity jurisdiction, duty bound to exercise a sound judicial discretion, the crucial question before us is not one of federal jurisdiction but of comity, and the usual rule of comity does not apply here because there is no state court of equitable jurisdiction to which the plaintiff can go for equitable relief to protect its federal right against confiscation of its property. It is true that the plaintiff had a choice of remedies, one of which was by appeal to go into the state court, and possibly through it to the federal court; but it was not required to adopt that procedure. Railroad & Warehouse Comm. of Minnesota v. Duluth St. R. Co., 273 U.S. 625, 47 S.Ct. 489, 71 L.Ed. 807.

 In the lower court, the Chancellor also held that the plaintiff was not entitled to relief in equity because it had a plain, adequate, and complete remedy at law, which had been lost by its failure to appeal to the state circuit court. The final decree dismissed the bill with prejudice. We think, however, that the prejudicial effect of the decree only applies to the issue of the state court's jurisdiction in equity, because when jurisdiction of any case does not exist, the only function vested in the court is that of announcing the fact and dismissing the suit.

Accordingly, the motion for summary judgment will be overruled.