The PENNSYLVANIA RAILROAD COM-
PANY, Plaintiff,

v.

Joseph SHARFSIN, P. Stephen Stahlneck-
er, Robert W. Anthony, William F.
O'Hara and John L. Dorris, individually
and as Commissioners of the Pennsyl-
vania Public Utility Commission, De-
fendants.

Civ. A. No. 7810.

United States District Court
M. D. Pennsylvania.

April 5, 1965.

See also D.C., 215 F.Supp. 493.

Nauman, Smith, Shissler & Hall, Har-
risburg, Pa., Windsor F. Cousins, Charles
E. Mechem, Philadelphia, Pa., for plain-
tiff.

William A. Goichman, Edward Munce,
Assistant Counsel, Joseph C. Bruno,

Chief Counsel, Pennsylvania Public Utility Commission, Harrisburg, Pa., for defendants.

Before KALODNER, Circuit Judge, and SHERIDAN and FOLLMER, District Judges.

FOLLMER, District Judge.

Plaintiff, hereinafter called "Railroad", is now and for many years last past has been a Pennsylvania corporation engaged as a common carrier in the transportation of persons and property by railroad in interstate commerce between the Cities of Harrisburg, Pennsylvania, and Hagerstown, Maryland. Its principal office is in Philadelphia, Pennsylvania.

Defendants, Joseph Sharfsin, P. Stephen Stahlnecker, Robert W. Anthony, William F. O'Hara, and John L. Dorris, hereinafter called "Commissioners", are now and for many years last past have been the duly appointed, qualified and acting members of the Pennsylvania Public Utility Commission, hereinafter called "P.U.C.", and said Commissioners are citizens and residents of the Commonwealth of Pennsylvania.

Railroad herein seeks injunctive relief restraining and enjoining the said Commissioners personally, and in their official capacities as Commissioners as aforesaid, from enforcing certain Orders of said P.U.C., and commanding said Commissioners to revoke and withdraw the said Orders of said P.U.C. and to dismiss the Rule to Show Cause issued upon Railroad.

The parties, Railroad and Commissioners, filed a paper entitled "Case Stated" in which it is averred:

> "It is agreed by the parties that Your Honorable Court can make all of its findings of fact in this case from the within 'Case Stated' and the exhibits attached thereto. Any party is free to urge upon the Court any findings of fact based upon the within 'Case Stated' and the exhibits attached hereto."

Since the facts and documents involved are not in dispute, the parties have submitted this "Case Stated" to avoid the necessity of trial.

A three-judge court was convened in pursuance to 28 U.S.C. § 2281. Briefs were filed and an argument was held.

From the aforesaid "Case Stated" it appears that,

On August 9, 1962, Railroad instituted a suit in this Court to enjoin P.U.C. from enforcing its Order of July 9, 1962, requiring Railroad to restore and maintain service on its trains Nos. 638 and 645 operating between the City of Harrisburg and the Pennsylvania-Maryland boundary line.

Suit was instituted in this Court under the Act of Congress of June 25, 1948, Chapter 646, 62 Stat. 931, 28 U.S.C. § 1337, and the Act of Congress of August 12, 1958, P.L. 85–625, Section 5, 72 Stat. 571, commonly known as the Transportation Act of 1958 and incorporated into the Interstate Commerce Act as Part I, 49 U.S.C. § 13a(1).

The suit had its origin in an application filed by Railroad on November 29, 1960, before the P.U.C., seeking approval of its proposal to discontinue passenger train service of its said trains Nos. 638 and 645 operating daily between Harrisburg, Pennsylvania, and Hagerstown, Maryland.

Protests were filed and after hearings were held, the P.U.C. denied the application on August 7, 1961. No appeal was taken from this Order in accordance with Section 1112 of the Pennsylvania Public Utility Law, 66 P.S. § 1442.

On January 25, 1962, Railroad filed with Interstate Commerce Commission, hereinafter called "I.C.C.", a "Notice of Proposed Discontinuance of Service" under the provisions of Section 13a(1) of the Interstate Commerce Act, supra. Railroad also filed with I.C.C. a "Statement in Relation to the Proposed Discontinuance of Interstate Passenger Trains 638 and 645" as required by regulations of I.C.C., and in other respects complied with Section 13a(1) and regulations aforesaid applicable thereto.

The said Notice of January 25, 1962, supra, recited that the said trains served one station in Maryland and four stations in Pennsylvania. The Notice also recited, "that persons desiring to object to the proposed discontinuance should promptly notify the Interstate Commerce Commission at Washington, D. C., of such objection and the reasons therefor, before February 11, 1962." The Notice indicated that the proposed discontinuance would be effective February 25, 1962.

Protests were filed with the I.C.C. On February 8, 1962, P.U.C. mailed to I.C.C. a protest in the nature of a Petition to Intervene. On February 13, 1962, the P.U.C. received a notice from the I.C.C. dated February 8, 1962, and bearing service date of February 12, 1962. This Notice announced that the I.C.C. would not enter upon an investigation of the proposed discontinuance of Railroad's trains Nos. 638 and 645.

Requests for reconsideration of this decision were denied by the I.C.C. by Order dated March 23, 1962.

On February 20, 1962, P.U.C. issued upon Railroad a Rule to Show Cause why Railroad should not comply with P.U.C.'s Order of August 7, 1961. Within the fifteen day period allowed for answer, Railroad filed its answer on February 27, 1962, alleging that under Section 13a(1) it validly and properly discontinued passenger service on its trains Nos. 638 and 645, as of February 25, 1962.

P.U.C. set its Rule to Show Cause down for hearing on April 6, 1962, at Philadelphia, where the facts above stated were educed.

On July 9, 1962, P.U.C. issued its Order making the Rule to Show Cause absolute and ordered Railroad to restore and continue service as required by its prior Order of August 7, 1961.

Railroad did not appeal this Order of July 9, 1962 to the Superior Court of Pennsylvania, as provided by Section 1101, 66 P.S. § 1431 et seq.

On August 9, 1962, Railroad filed its Complaint in this Court, alleging that P. U.C.'s Order of July 9, 1962 was unlawful and issued in defiance of Section 13a(1) of the Transportation Act of 1958 and of the Railroad's rights thereunder; that it acted lawfully under the authority of Section 13a(1) in discontinuing the said trains; that by virtue of certain provisions of the Pennsylvania Public Utility Law it and its officers and employees would be subject to certain sanctions and substantial expense for train crews and operating costs if it had to run the said trains.

On August 24, 1962 P.U.C. moved to dismiss the Complaint on grounds of res judicata, full faith and credit and comity. The Court (Follmer, J.) holding that at that time it could not be said Railroad's Complaint had not set forth a cause of action which called for relief, especially in the light of the opinion of the three-judge court in this district in the case of Sludden, et al. v. United States of America, et al., D.C., 211 F.Supp. 150, denied the motion.

P.U.C. answered and on May 8, 1964, in accordance with the provisions of 28 U.S.C. § 2403 and Rule 24 of the Federal Rules of Civil Procedure, the Court ordered that it should be certified to the Attorney General of the United States that the case draws into question the constitutionality of Section 13a(1) of the Interstate Commerce Act, and further ordered that the United States, if it so desired, might intervene in the cause and to plead or answer as it may be advised.[1] Thereafter the three-judge court was set up.

This same three-judge court in a proceeding involving the identical facts of this case held that Section 13a(1) of the Interstate Commerce Act as amended in 1958, 49 U.S.C. § 13a(1), is constitutional

1. Under date of September 2, 1964 the United States Department of Justice advised the Clerk of this Court that in its opinion Section 13a(1) aforesaid is constitutional and it saw no reason to intervene.

and deprives neither the State or any individual of any right which the Constitution of the United States guarantees, Sludden, et al. v. United States, et al., supra. See also, State of New Jersey, et al., v. United States, et al., D.C.N.J., 168 F.Supp. 324 (1958); aff. per curiam 359 U.S. 27, 79 S.Ct. 603, 3 L.Ed.2d 625 (1959). P.U.C.'s insistence that the New Jersey case was distinguishable from the instant case in that the former was exclusively interstate while the latter was both interstate and intrastate was duly considered by the Court in Sludden.

■ We adhere to the conclusion expressed in Sludden that Section 13a(1) is constitutional. While in view of our conclusion as to this Act's constitutionality it would seem no further discussion thereon is necessary, it might, however, be well to call attention to a few very pertinent facts.

■ 1. By this Act it is clear that Railroad had its option to have I.C.C. rather than P.U.C. pass upon discontinuance of the said trains.

■ 2. It is implicit in the Act that the I.C.C. had the right to act definitively by mere inaction. As stated in Sludden, supra, "(2) unless the Commission acts, the carrier may discontinue or change the service in accordance with the notice, 'the laws or constitution of any State, or the decision or order of, *or the pendency of any proceeding* before, any court or State authority to the contrary notwithstanding' ".[2] (Emphasis supplied.)

■ 3. The action of I.C.C. in concluding not to institute an investigation into a proposed discontinuance of train service is committed to the exclusive discretion of I.C.C. and is not subject to judicial review.

4. As stated in Sludden, supra, protests were filed with I.C.C., after which it did make a determination.

5. Exclusive dominion of this matter is vested by Congress in I.C.C., Sludden, supra; State of Colorado v. United States, et al., 271 U.S. 153, 165, 46 S.Ct. 452, 70 L.Ed. 878 (1926).[3]

Now that the case is fully before the Court on the basis of the "Case Stated", P.U.C. feels that the time is now ripe to review its motion for dismissal on the basis of res judicata, full faith and credit and comity.

■ When on January 24, 1962 Railroad submitted this matter to I.C.C. under Section 13a(1) jurisdiction over the continuance or discontinuance of the trains was vested exclusively in I.C.C. P.U.C.'s Order of July 9, 1962 was therefore completely abortive. Accordingly, the P.U.C. Order of July 9, could not on any theory be res judicata and I.C.C. was under no obligation to give full faith and credit to P. U. C.'s invalid Order. Berkman v. Ann Lewis Shops, D.C.S.D. N.Y., 142 F.Supp. 417 (1956); Illinois Central R. R. v. Mississippi Pub. Serv. Comm., D.C.S.D.Miss., 135 F.Supp. 304 (1955); Hanson v. Denckla, 357 U.S. 235, 255, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ Finally, as to comity, this Court is fully conscious of the desirability of maintaining the delicate balance between State and Federal authority. However, we feel that comity is not at issue in this case. There are no factual issues nor any issue of State law here involved. The only issue raised in this case is the constitutionality of a Federal statute.

---

2. To permit a State order affecting intrastate transportation that would be in contravention of an I.C.C. order affecting interstate transportation would be completely repugnant to the basic purpose of Section 13a(1) as shown by its legislative history. (See Sludden, supra, also New Jersey v. New York, Susquehanna & Western Railroad Co., 372 U.S. 1, 83 S.Ct. 614, 9 L.Ed.2d 541 (1963).

3. The fallacy of P.U.C.'s position becomes evident when one considers the chaos that would result in interstate commerce if each State crossed by an interstate line passing through a number of States could by its actions prevent discontinuance of such line within its borders and thus negate I.C.C. regulations covering the entire line.

We have found the act in question constitutional.

Plaintiff Railroad is entitled to a permanent injunction enjoining defendants, Joseph Sharfsin, P. Stephen Stahlnecker, Robert W. Anthony, William F. O'Hara, and John L. Dorris, individually and as Commissioners of the Pennsylvania Public Utility Commission, together with the successors of each of them, and their agents, servants and attorneys, from pursuing any of the remedies by mandamus, injunction, fine or imprisonment provided in the Pennsylvania Public Utility Act, or otherwise, for the purpose of compelling plaintiff, Railroad, to reinstate its trains Nos. 638 and 645 operating between the City of Harrisburg and the Pennsylvania-Maryland boundary line, pursuant to the provisions of the Pennsylvania Public Utility Act and said P.U.C.'s Order of July 9, 1962.